## JONES v. STATE.

### No. 26764.

Court of Criminal Appeals of Texas.

Feb. 17, 1954.

Walter B. Conway, Houston, for appellant.

William H. Scott, Ewing Werlein, Dist. Attys., Houston, for the State.

WOODLEY, Judge.

Appellant's counsel on appeal ask leave to file motion to reinstate the appeal and also seek to have the mandate heretofore issued withdrawn.

It is alleged that said attorneys were employed to prosecute the appeal and arranged for the transcript to be forwarded to this court; that due to error of the clerk of the trial court in omitting the name of counsel on appeal from the transcript, they were not notified of the disposition of the appeal until the time for filing motion for rehearing had passed.

It is further alleged that appellant is now in the Harris County jail. Whether he is held solely because of the mandate from this court, or to await the final disposition of the appeal does not appear, nor is it shown by affidavit that he is confined in jail.

Assuming that he is in jail awaiting the appeal, we have examined the record for the purpose of determining whether or not the mandate should be recalled.

Appellant was found in possession of 20 marijuana cigarettes.

The sole claim of error is predicated upon the contention that his arrest was illegal and the evidence as to the marijuana cigarettes was unlawfully obtained and therefore inadmissible.

The arresting officers were informed a short time prior to the arrest "that a negro would meet another one in the 2600 block of Leeland at the railroad tracks; that he would come out the back door of a house four or five houses down the railroad track; would have on a tan hat, a blue checkered shirt and tan pants and that he *could* have the marijuana in his possession", "*would* have marijuana in his possession."

This information was received by Police Officer Sidney Smith about 6:20 in the afternoon and, according to the information, the described person would appear at 6:30 P.M.

The officers proceeded to the site mentioned and when appellant, dressed "in a tan hat, blue checkered sport shirt and tan pants" appeared he was searched and 20 marijuana cigarettes were found in his pocket.

The officers being informed that the described person was in possession of marijuana, were authorized to search his person, the information constituting probable cause for the search and there not being sufficient time to secure a warrant.

It would avail appellant nothing if we reinstated the appeal and affirmed the judgment at this late hour.

The motion to recall the mandate and for permission to file motion to reinstate the appeal is refused.