Constance GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 39465.

Court of Criminal Appeals of Texas.

May 11, 1966.

No attorney of record on appeal.

Carol S. Vance, Dist. Atty., Edward B. McDonough, Jr., and Sidney Farmer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is possession of a narcotic drug, to-wit: heroin, second offender; the punishment, 15 years in the Texas Department of Corrections.

Shortly before 5:00 p. m. on June 11, 1965, Houston Police Officers Farrar and McManus received a telephone call from an informant and were advised that appellant would be at a designated address and would have heroin in her possession. This informer had provided these officers with information on several prior occasions, and his information had proven to be accurate and reliable on these occasions. The officers went immediately to that address, and about two minutes later appellant, who at least one of the officers knew on sight, arrived in a taxi and was promptly arrested and taken to the police station, which was located across the street from the scene of the arrest. There, appellant was searched by a policewoman, and three capsules were found on her person. The policewoman turned the capsules over to the arresting officers who placed them in a locked evidence box. Only about 20 minutes had elapsed from the time the officers received the information until the evidence was deposited in the evidence box.

Chemical analysis of the contents of the three capsules revealed that they contained 58% heroin.

The evidence is sufficient to sustain the conviction.

We overrule appellant's contention that the heroin was inadmissible in evidence because it was the fruit of an illegal search incident to an unlawful arrest. There was obviously insufficient time in which to obtain a warrant for the arrest and search, and the information received by the officers from their informant provided probable cause for a belief that a felony was being committed in their presence. Jones v. State, Tex.Cr.App., 264 S.W.2d 722; see also Clifton v. State, Tex.Cr.App., 399 S.W. 2d 353.

There are no formal bills of exception, and appellant's remaining informal bills present no reversible error.

The judgment is affirmed.