**Gilbert CARRANCO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40667.**

Court of Criminal Appeals of Texas.

Oct. 18, 1967.

———◆———

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Richard M. DeGuerin and Ray Montgomery, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the possession of heroin; the punishment, 15 years.

There are three grounds of error raised by this appeal. The first is the failure of the court to grant appellant's motion in limine by which he sought to exclude the proof as to appellant's possession of the contraband. The second is the admission of such evidence at the trial, and the third is the action of the trial court in sustaining the State's objection to certain questions propounded to the arresting officers concerning the identity of the informer.

All three of these grounds would appear to have been discussed by the Supreme Court of the United States in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L. Ed.2d 62; and by this Court in Clifton v. State, Tex.Cr.App., 399 S.W.2d 353; Gonzales v. State, Tex.Cr.App., 402 S.W.2d 763; Platt v. State, Tex.Cr.App., 402 S.W. 2d 898; and Bosley v. State, Tex.Cr.App., 414 S.W.2d 468.

We will now discuss the combined testimony of the arresting officers. The in-

former was known to at least two of the arresting officers and at noon of the day of the arrest he had come to the narcotic offices and informed Officer Garcia that he would meet him that night at 7:30 on the 7200 block of Jensen Drive and would then have some information about appellant and the possession of narcotics. The informer had given Garcia information for more than two years about others engaged in the narcotic traffic, and in each instance the information had been proven to be accurate. At 7:30 Garcia and others met the informant at the appointed place and he then told them that appellant would, in a matter of minutes, be leaving the 3800 block of Saunders in a white Pontiac, license number NNW–33, and would have in his possession a quantity of marihuana and heroin. The officers then went to the 3800 block of Saunders where other officers met them and where they pulled over in front of appellant, who was driving the automobile described, causing him to bring the same to a halt. As they approached the same, two officers opened both front doors and one was able to take from appellant's hand a roll-your-own cigarette which he was attempting to throw on the floorboard of his automobile. The officers had identified themselves and as appellant stepped out of his automobile one of them took a cigarette package from his shirt pocket which contained ten smaller packages of white powder. It was shown by the testimony of the police chemist that the cigarette contained marihuana and that the ten smaller packages contained enough heroin to make 225 capsules.

■ Appellant's first grounds of error are overruled. As to his third ground, we point out that the careful trial court permitted the following questions and answers concerning credibility of the informer:

"Q. Was this individual an officer of the law?

A. No, sir.

Q. Is he a narcotic addict?

A. No, sir, he is not.

Q. Has he been a narcotic addict in the past?

A. Not to my knowledge.

Q. Has he ever been convicted of any charge in connection with narcotics?

A. No sir.

Q. Has he ever been convicted in this State?

A. No sir, he has never been convicted in this State."

The Court sustained the State's objections to questions as to his identity such as these:

"Q. What is his name?

Q. Do you know where he lives?

Q. Is he married?

Q. Was he white, colored or Spanish?"

Elsewhere in the examination the witness answered that the informer was a Latin American.

We quote from McCray v. Illinois, supra, as follows:

"The arresting officers in this case testified, in open court, fully and in precise detail as to what the informer told them and as to why they had reason to believe his information was trustworthy. Each officer was under oath. Each was subjected to searching cross-examination. The judge was obviously satisfied that each was telling the truth, and for that reason he exercised the discretion conferred upon him by the established law of Illinois to respect the informer's privilege.

*Nothing in the Due Process Clause of the Fourteenth Amendment requires a state court judge in every such hearing to assume the arresting officers are committing perjury.*"

Recently in Bosley v. State, supra, we had occasion to thoroughly discuss the holdings of the Supreme Court of the United States, including McCray v. Illinois, supra, and our holding there supports our holding here that the Court did not err in sustaining the State's objections to the questions asked.

Finding no reversible error, the judgment is affirmed.