Felix ROSALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 40634.

Court of Criminal Appeals of Texas.

Oct. 25, 1967.

Rehearing Denied Dec. 6, 1967.

M. N. Garcia, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., Charles R. Parrett, Asst. Dist. Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for the unlawful possession of a narcotic drug, to-wit: marihuana; the punishment, five years.

A prior conviction of appellant was reversed in Rosales v. State, Tex.Cr.App., 399 S.W.2d 541.

Appellant's sole contention on appeal is that the marihuana in question was obtained as the result of an unlawful arrest and illegal search and seizure.

Two grounds of error are presented by appellant, in which he insists that the court erred in failing to grant his motion to suppress the evidence and in permitting the state to use the same before the jury upon trial of the case.

The record reflects that the marihuana in question was obtained following appellant's arrest, without a warrant, by two officers of the Austin police department.

It is the state's position that appellant's arrest and search without a warrant was upon probable cause.

On the question of probable cause, Lieutenant Harvey Gann, the officer in charge of the narcotics and vice detail of the City of Austin, testified as to the facts and circumstances surrounding the arrest and search, as follows:

On the evening in question he received a telephone call at his home about 7 p. m. from an informer, whom he had found to be reliable, that the appellant was going to an unidentified address in South Austin in the vicinity of the Molly Dawson school and that he was supposed to have in his possession an amount of marihuana. The address was not known but there was supposed to be a band practicing at the place. The description of the automobile appellant was driving was given by the informer, who advised that appellant was "possibly en route at that time." Lieutenant Gann had known appellant for a number of years and was aware that he had twice been convicted as a narcotic violator. Lieutenant Gann then contacted Sergeant Moody and the two proceeded to the vicinity of the Molly Dawson school, arriving around 8 p. m. After locating a residence from which they could hear the sound of music, the two parked their vehicle and remained until appellant appeared. In approximately thirty minutes appellant drove up in an automobile meeting the description given, and parked the vehicle with the left wheel to the curb. Lieutenant Gann recognized appellant and observed him reach over to the right side toward the glove compartment. Appellant looked directly at Lieutenant Gann and immediately jerked back, opened the door in a hurried manner, and ran from the car. The officer then hollered: "Police. Stop," as appellant proceeded to run. The two officers gave chase and finally captured and placed handcuffs on appellant after a struggle in which he fell to the ground. After handcuffing appellant, the officers turned him over and found, on the ground where he had been lying, a matchbox wrapped in white paper, and a set of car keys.

An examination of the contents of the matchbox by the Department of Public Safety chemist revealed that it contained 3.05 grams of marihuana.

Under the facts and circumstances, it is concluded that the officers did not have sufficient time to secure an arrest or search warrant and did have probable cause to arrest and search appellant without a warrant. See: Clifton v. State, Tex.Cr.App., 399 S.W.2d 353, and Gonzales v. State, Tex. Cr.App., 402 S.W.2d 763, in support of the conclusion reached herein. See, also, Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, in support of such conclusion.

The grounds of error are overruled.

The judgment is affirmed.