**Robert Paul MOORE (1970 Automobile), Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 4434.**

Court of Civil Appeals of Texas, Eastland.

Jan. 22, 1971.

Rehearing Denied Feb. 12, 1971.

Scarborough, Black, Tarpley & Scarborough, Charles Scarborough, Abilene, for appellant.

Lynn Ingalsbe, Asst. Dist. Atty., Abilene, for appellee.

COLLINGS, Justice.

The State of Texas filed a notice of seizure and intended forfeiture of a 1970 Ford automobile, asserting that Robert Paul Moore was illegally transporting marijuana in such vehicle. The court sitting without a jury found for the State of Texas and ordered the automobile forfeited. Robert Paul Moore has appealed.

Appellant Moore presents two points of error asserting that the court erred in forfeiting the 1970 Ford automobile, because he, Moore, was arrested without a search warrant and was illegally searched in that there was no evidence to support a finding that the officers acted in accordance with Article 14.01 of the Texas Code of Criminal Procedure in arresting and searching appellant without a search warrant.

Appellee contends that the court did not err in forfeiting to the State of Texas the Ford automobile in question because Article 725d Vernon's Ann.P.C. authorizes the arrest, search and forfeiture and that Article 14.03 Vernon's Ann.C.C.P. also clearly authorizes the arrest and search.

The record shows that information possessed by the officers prior to appellant's arrest was that he planned to leave his house east of Abilene at a certain time carrying marijuana to a house in Abilene for the purpose of sale. Officer Otis McLin of the Abilene Police Department testified that on or about the 26th day of March, 1970 at around one-thirty in the morning he received a tip from a reliable informant that appellant was going to transfer some marijuana to other persons. He testified that he and fellow officers had on several occasions in the past received information about Moore's traffic in marijuana and had observed known narcotics users going back and forth to his home; that appellant Moore lived on East Highway 80 out of Abilene and that he knew appellant's address; that appellant was known to him and other officers as a narcotics user and possessor; that the information which he received at about one-thirty in the morning, as above stated, was from a reliable and creditable source, a person who had previously given information to the officers in such matters and that information had always been correct. The police officer stated that at the time he received such information there was a pop festival going on in Lubbock and the information he received from the informer was that several people were going to meet appellant at an address on Cedar Street in Abilene where he would make a delivery of marijuana; that the people who would meet appellant at that address and receive the marijuana would then go on to the pop festival in Lubbock. The informer gave specific names of persons to whom deliv-

ery was to be made by appellant and the police officer knew that such individuals were narcotics users. The witness stated that upon receiving the above information he and several other officers met together to decide what they should do; that after discussing the matter with their supervisor, they decided to wait until the next morning and arrest the people when they arrived at the address on Cedar; that the officers also decided it would be best to get a search warrant for that house. The witness testified that his part in the plan was to go to the address on Cedar Street and set up a surveillance; that two other officers went to the Judge and got a search warrant for the Cedar Street address and after obtaining the search warrant, went out to appellant's address on East Highway 80 where they set up a surveillance on his house to see which of the two vehicles he owned would be used. The witness stated that at about 8:45 A.M. he arrived at the address on Cedar Street where they had been informed the delivery was to be made at about nine or nine-thirty o'clock. He testified that he was in radio contact with the two officers who had set up surveillance on appellant's house on East Highway 80 which was about five miles distance from the address on Cedar Street. The witness testified that the people described by their informant began to arrive at the Cedar Street address at about nine o'clock and he called his companion officers and advised them that such people were there. He testified that he recognized these people and the vehicle they were in; that what he saw on that occasion was in accord with the information he had received from the informant; that such parties arrived at the Cedar Street address at the time they were supposed to arrive and he then radioed his fellow officers of the fact. He stated that shortly thereafter they called him back and told him that appellant had left his address on East Highway 80 in a green Ford van, and that the officers were trailing appellant

into town. This was the first information that the officers had that appellant would transport the marijuana in the green Ford van. The witness stated that appellant soon thereafter came in the green Ford van to the address on Cedar Street where the buyers had already congregated. The witness stated that when appellant parked at the Cedar Street address, he drove his car up behind him, got out of his vehicle and identified himself and asked appellant to step out of the car; that appellant did so and the officer searched appellant; that he pulled out a lid which he believed to be marijuana from his right front pocket and another such lid out of his left front pocket, and when he asked appellant if that was all he had, appellant said no and reached inside his trousers and handed the officer another such lid. The officer further stated that there was a strong odor of marijuana in appellant's motor vehicle; that he and the other officers searched the vehicle but didn't find any further marijuana and that the only marijuana found was that in appellant's clothing.

In our opinion the above facts available to the officers at the time of appellant's arrest reasonably tended to show that he was guilty of a felony, towit the possession and transporting of contraband narcotics; that the first knowledge the officers had that appellant would transport the marijuana in the green Ford van was shortly before the time of the search and arrest, and his arrest and search incident thereto were lawful. Article 725d V.T.P.C.; Article 14.03 V.T.C.C.P.; Clifton v. State, 399 S. W.2d 353 (Tex.Cr.App., 1966); Carranco v. State, 419 S.W.2d 380 (Tex.Cr.App., 1967); Rosales v. State, 420 S.W.2d 717 (Tex.Cr.App., 1967); Gonzales v. State, 402 S.W.2d 763 (Tex.Cr.App., 1966); Platt v. State, 402 S.W.2d 898 (Tex.Cr.App., 1966).

Appellant's points are overruled.

The judgment is affirmed.