**SUGARLAND BUSINESS CENTER, LTD., Appellant,**

v.

**Louis NORMAN, dba Tilt Wall Construction, Appellee.**

**No. C2703.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 1, 1981.

John Michael Webb, Douglas Andrew King, Jr., Webb & Fant, Houston, for appellant.

Gene F. Gardner, Brian E. Bro. & Ass., Houston, for appellee.

Before MORSE, MILLER and JUNELL, JJ.

MORSE, Justice.

Sugarland Business Center, Ltd. appealed from a summary judgment rendered in favor of plaintiff-appellee, Louis Norman, d/b/a Tilt Wall Construction, for its $8,690.75 unpaid balance as a subcontractor, together with interest, attorney's fees and costs, and ordering foreclosure of a Mechanic's Lien on the premises of appellant. We hold that the trial court erred in granting the summary judgment.

Sugarland Business Center, Ltd. entered into a contract with Jackson & Parr, Inc., as general contractor, for the purpose of building an office/warehouse facility on appellant's property in Sugarland, Texas. Jackson & Parr, Inc. then entered into several subcontracts with the appellee whereby Tilt Wall Construction was to pour and finish concrete slabs, curbs, sidewalks and tilt walls. After appellee commenced work, but prior to completion, written notice was given of termination of said subcontracts for non-performance; appellee never received the sums held as 10% retainage pursuant to the subcontracts.

Within the time allowed by statute, Tilt Wall Construction filed of record a purported Mechanic's Lien affidavit against appellant's property. Appellee then filed suit

against Jackson & Parr, Inc. upon a sworn account based on invoices under the subcontracts, and in the alternative, for the reasonable market value of the work, in the same amount as promised and acknowledged by Jackson & Parr, Inc. Appellant was also named as a defendant, and appellee asserted a Mechanic's Lien against the property of appellant. Appellee prayed for judgment against Jackson & Parr, Inc. for the unpaid amount plus interest and attorneys fees and foreclosure of said lien.

Defendant Jackson & Parr, Inc. defaulted, and due to its bankruptcy, was non-suited by plaintiff-appellee. Appellant filed a general denial and later a sworn denial pursuant to Tex.R.Civ.P. 185 and asserted as an affirmative defense that appellee's contract with Jackson & Parr, Inc. had been terminated prior to full performance for non-compliance and defective work. Appellee filed a motion for summary judgment against appellant which "incorporated" its original petition, expressly relying on the affidavit of appellee which was attached thereto, without mentioning "Exhibit D," the purported "Amended Affidavit of Mechanic's Lien" also attached to the petition. Attached to appellee's motion for summary judgment was an affidavit by a bank officer to prove that Jackson & Parr, Inc. held back as retainage (but acknowledged owing) the $8,690.75 claimed by appellee and an affidavit as to the amount of attorney's fees. Appellant filed a response setting forth its claimed affirmative defense, attaching the termination notice, and the subcontract and two affidavits. One affidavit, by the project manager for Jackson & Parr, Inc. stated the approximate amounts of expenditures (estimated at $42,000 total) required for the correction of defects in the work of appellee which led to the termination of his subcontracts. The other was an affidavit by a general partner of appellant which asserted that the corrective expenses "far exceeded" the $8,690.75 claim.

Upon hearing, a summary judgment was entered in favor of Tilt Wall Construction and appellant has appealed, contending that the trial court erred in granting the summary judgment for recovery of money from appellant and foreclosure of the purported Mechanic's Lien.

■ Appellant, citing *Conn, Sherrod & Co., Inc. v. Tri-Electric Supply Co., Inc.*, 535 S.W.2d 31 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.), and *Taylor v. Rigby*, 574 S.W.2d 833 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.), contends that appellee failed to perfect the lien on the appellant's property because the "Amended Affidavit of Mechanic's Lien" filed by appellee contained an acknowledgment, rather than a jurat. We agree with appellant. It is well established under the Texas law that a subcontractor must file an affidavit containing a "sworn statement" of his claim as an essential part of perfecting a Mechanic's Lien against the landowner. *Perkins Construction Co. v. Ten-Fifteen Corp.*, 545 S.W.2d 494 (Tex.Civ.App.—San Antonio 1976, no writ); *Crockett v. Sampson*, 439 S.W.2d 355 (Tex.Civ.App.—Austin 1969, no writ).

■■ Without a valid lien, the subcontractor cannot recover a judgment against the property owner unless there is privity of contract or other circumstances which render the property owner personally liable to the subcontractor. *Lopez v. Bonded Construction & Supply Co.*, 594 S.W.2d 809 (Tex.Civ.App.—Waco 1980, no writ), and cases cited therein. Appellee contends that the summary judgment entered against the appellant is supported by his pleading of a cause of action based on a sworn account and/or quantum meruit. Although the allegations in the pleadings appear to have been aimed at Jackson & Parr, Inc. and not appellant, the motion for summary judgment filed by appellee clearly asserted a right to a personal money judgment against appellant so there was no lack of notice to appellant of this claim. The issue of inadequacy of appellee's pleadings in this respect was not expressly presented to the trial court in any written response to the motion, and accordingly, we are not considering said issue on appeal as grounds for reversal under Tex.R.Civ.P. 166–A. *Westchester Fire Insurance Co. v. Alvarez*, 576 S.W.2d 771 (Tex.1978). *See City of Houston v. Clear*

*Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

Appellee asserts this same principle as preventing appellant from raising on appeal the contention that appellee failed to support his motion for summary judgment with proper proof. Appellee says appellant's response to the motion was limited to its affirmative defense and thus appellant waived any objection to lack of proof by Appellee. However, in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), the Texas Supreme Court clearly stated:

> The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient.

*Accord, Gifford v. Old Republic Insurance Company*, 613 S.W.2d 43, (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ). Rule 166–A requires that judgment shall be rendered forthwith only if the evidence presented in support of the motion for summary judgment *shows* that there is no genuine issue as to any material fact and the moving party is *entitled* to judgment as a matter of law on the issues as expressly set out in the motion.

Appellant's sworn denial of the sworn account filed by appellee nullifies the effect of the sworn petition as prima facie evidence in support of a motion for summary judgment thereon. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979). Sworn pleadings are not summary judgment evidence in Texas. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980). Under the policy reasoning of the principal opinion in *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971), appellee's affidavit, being attached to the pleadings but not attached to the motion for summary judgment, does not constitute summary judgment evidence.

As the party who moved for the summary judgment, appellee assumed the burden of establishing by the presentation of permissable evidence under Rule 166–A that he was entitled to judgment because there was no genuine issue of material fact as to the basic elements of his claim. The only acceptable evidence which appellee presented in support of his motion for summary judgment consisted of two affidavits. The first was by an officer of the bank which financed the operations of Jackson & Parr, Inc., confirming the existence of a debt between the appellee and the general contractor, but did not pertain to any debt by the appellant. The second affidavit, regarding attorney's fees, likewise contained no evidence of any promise by appellant to appellee or of any resulting debt. Even if considered, the invoices attached to plaintiff's original petition as a basis for a sworn account were directed only to Jackson & Parr, Inc. and are not evidence of any obligation by the property owner, who was not shown to be a party to the transaction between appellee and the general contractor. Thus, there was no evidence to support any personal judgment against appellant.

In its response to appellee's motion for summary judgment, appellant presented two affidavits in support of its affirmative defense. Appellee repeatedly asserts that appellant's affidavits were "objected to in open court" as being inadmissible and defective, but the record on appeal fails to show any such objections. Rule 166–A, as amended effective 1978, requires express presentation in writing of such objections. *Westchester Fire Insurance Co. v. Alvarez, supra; City of Houston v. Clear Creek Basin Authority, supra.* These affidavits did not justify the establishment of offsets in particular amounts to the claims of appellee as a matter of law, but constitute some evidence that appellee did not substantially perform his subcontract so as to justify his recovery thereunder. However, appellant did not seek a summary judgment and therefore did not assume the burden of establishing its affirmative defense as a matter of law. The affidavits seem to have raised a sufficient issue of fact as to prevent summary judgment for appellee.

In view of the clear failure to support a claim for the establishment and foreclosure

of a Mechanic's Lien and the absence of any evidence to support any claim for a money judgment against the appellant personally, the trial court erred in entering the summary judgment for the appellee and the judgment entered must be reversed and the case remanded for trial.