**Robert L. and Eleanor C. BOEKER, Appellants,**

v.

**James L. SYPTAK, Franklin R. Schodek, and Henry Steinkamp, Jr., Inc., Appellees.**

No. 01–9500757–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 1996.

Steven J. Gilbert, Richmond, for Appellants.

J. Michael Lytle, Richmond, for Appellees.

Before TAFT, COHEN and HEDGES, JJ.

## OPINION

TAFT, Justice.

Appellants, Robert L. Boeker and his wife, Eleanor C. Boeker (collectively, "the Boekers"), appeal from a take-nothing summary judgment on all claims against Franklin R. Schodek and a take-nothing summary judgment on all claims, except a cause of action for trespass, against Henry Steinkamp, Jr., Inc. and James L. Syptak (collectively, "appellees"). This appeal involves a surveyor's error that, once found, eroded 2.477 acres from a 40–acre tract of land owned by the Boekers. We affirm.

### Facts

Between 1962 and 1983, the Boekers purchased several parcels of land out of a 373–acre tract owned by the Wieckers. Each time the Boekers purchased a parcel, it was surveyed by an employee of Henry Steinkamp, Jr., Inc. The last parcel purchased was a 40–acre tract purchased in 1983. This dispute arises out of the survey conducted in connection with that purchase.

In December 1981, the Boekers purchased a 60–acre parcel from the Wieckers. Franklin Schodek, from the office of Henry Steinkamp, Jr., Inc., surveyed the 60–acre tract. When the survey was conducted, the one-half inch pipe set at the intersection of the northwest line of the 60 acres with the southwest right-of-way line of County Road 505 was incorrectly set 99.96 feet ("100–foot bust") too far northwest.

In 1983, the Boekers purchased the 40–acre tract made the subject of this dispute from the Wieckers, leaving the Wieckers a remaining tract encompassing 156.576 acres. In November 1983, Schodek conducted a survey of the 40 acres. The 40–acre tract is located between the northwest side of the 60–acre tract and the southeast side of the remaining 156.576 Wiecker tract. Being adjacent to the northwest side of the 60–acre tract, the 40–acre parcel was surveyed in the field by beginning at the north corner of the 60–acre tract. However, because the north corner of the 60–acre tract was off by the 100–foot bust, the north corner of the 40–acre tract was also incorrectly set by nearly the same distance. Thus, the northwest boundary line on the 40 acres actually extended approximately 100 feet into the 156.576–acre tract still owned by the Wieckers (see corresponding map). This survey was completed, signed, sealed, and delivered to the Boekers on November 23, 1983.

In November 1993, Henry Steinkamp, Jr., Inc. was employed once more to conduct a survey on the remaining 156.576 acres owned by the Wieckers in anticipation of selling the acreage to a third party. While conducting this survey, the original error was found, and the northwest boundary line of the 40 acres was moved back approximately 100 feet. Moving the boundary line created a loss of approximately 2.477 acres out of the Boekers' 40-acre tract.

### Sole Point of Error

In their sole point of error, the Boekers contend that the trial court erred by granting a defective summary judgment. More specifically, the Boekers contend that appellees' motion for summary judgment is defective because the affidavits in support of the motion were attached to appellants' original petition and then attached to appellee's motion for summary judgment, rather than being attached to the motion directly, thus, the affidavits not properly before the trial court.

Alternatively, the Boekers contend that even if the affidavits were properly before the trial court, and considered to be competent summary judgment evidence, the Boekers' affidavit attached to their reply to appel-lees' motion for summary judgment raised a fact issue as to the date on which the statute of limitations began to run. The Boekers argue that because they had the same survey company conduct an additional survey on a 2-acre parcel out of their 60-acre parcel in 1984, and the survey depicted the incorrect boundary lines as originally drawn, this revived the statute of limitations so that it ran anew from the date the survey was completed on the 2-acre parcel (sometime in June or July 1984), rather than the date the survey on the 40-acre parcel was completed (November 23, 1983).

### Summary Judgment Evidence

 "Both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). A party must expressly and specifically identify the supporting evidence on file which it seeks to have considered by the trial court. *Taylor v. Taylor*, 747 S.W.2d 940, 946 (Tex. App.—Amarillo 1988, writ denied); *Nicholson v. Naficy*, 747 S.W.2d 3, 4-5 n. 1 (Tex. App.—Houston [1st Dist.] 1987, no writ). Additionally, affidavits attached to pleadings but not attached to the motion for summary

judgment will not be included as summary judgment evidence. *Sugarland Business Ctr., Ltd. v. Norman,* 624 S.W.2d 639, 642 (Tex.App.—Houston [14th Dist.] 1981, no writ) (citing *Hidalgo v. Surety Sav. & Loan Assoc.,* 462 S.W.2d 540 (Tex.1971)).

The Boekers rely on *Norman* for the proposition that, because appellees' affidavits were attached to the appellant's original petition, the affidavits are not attached to appellee's motion for summary judgment. In *Norman,* the movant filed a motion for summary judgment which incorporated its original petition. The motion expressly relied on the affidavit of movant that was attached to the petition. However, the motion for summary judgment did not mention the affidavit that was attached to the petition. *Id.* at 641.

■ In this case, appellees attached appellant's original petition to their motion for summary judgment as "Exhibit B." They also attached the affidavits of Franklin R. Schodek and James L. Syptak as "Exhibit C" and "Exhibit E," respectively. Additionally, paragraph six of appellees' motion for summary judgment expressly and specifically identified the affidavits as being relied upon as summary judgment evidence for the trial court to consider. Thus, appellees' affidavits in support of their motion for summary judgment were properly before the trial court.

### Surveyor's Statute of Repose

Appellees affirmatively raised the defense of statute of limitations under Texas Civil Practice and Remedies Code section 16.011, sometimes called the surveyor's statute of repose. This statute requires a person to "bring suit for damages arising from an injury or loss caused by an error in a survey conducted by a registered public surveyor ... not later than September 1, 1991 or 10 years after the date the survey was completed, whichever is later, if the survey was completed before September 1, 1989." TEX. CIV.PRAC. & REM.CODE ANN. § 16.011(a)(2) (Vernon Supp.1995).

■ "The recognized purpose of a statute of limitations is to compel the settlement of claims within a reasonable time after their origin." *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 647 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Additionally, statutes of repose protect parties from the burden of indefinite potential liability and represent a response to the inadequacy of the traditional statutes of limitation, whose time periods begin upon discovery of the claim or upon occurrence of the injury. *See id.*

■ In deciding whether a genuine fact issue exists, the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). There is no dispute between the parties that the survey of the 40–acre tract of land was completed, signed, sealed, and delivered to the Boekers on November 23, 1983. Appellants did not file suit until June 28, 1994, more than 10 years after the survey was completed; thus, the suit is time-barred. Furthermore, we are not persuaded by the argument that the survey of the 2–acre tract conducted in June or July of 1984 revived the statute of limitations for the error that was made on the survey of the 40–acre tract, even though the later survey repeated the original error. There is no statutory revival provision, nor is there a discovery rule whereby the statute of limitations begins to run only when the cause of action is discovered. We conclude that each survey must stand apart and alone. To hold otherwise would defeat the purpose of the statute, because surveyors continuously base new surveys on previous surveys which may depict an error not known at the time the subsequent survey is produced.

Accordingly, appellees have sustained their burden of proving their entitlement to summary judgment as a matter of law. The Boekers' sole point of error is without merit and is overruled.

We affirm the judgment of the trial court.