Affirmed and Memorandum Opinion filed June 22, 2006









Affirmed
and Memorandum Opinion filed June 22, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00064-CV

____________

 

TIM BOUNDS, Appellant

 

V.

 

COLE &
ASHCROFT,
Appellee

 



 

On Appeal from the 152nd
District Court

Harris County, Texas

Trial Court Cause No. 2003-70157

 



 

M E M O R A N D U M   O P I N I O N

Appellant Tim Bounds appeals the trial
court=s grant of summary
judgment in favor of Cole & Ashcroft on Bounds=s fraud, negligent
misrepresentation, and breach of contract claims arising out of Cole &
Ashcroft=s agreement to
purchase Bounds=s gift packaging business and employ
Bounds as a sales manager in Cole & Ashcroft=s business.  We affirm.

Factual and Procedural Background








In October 2001, Tim Bounds and his
company, Bounds Marketing, Inc., entered into an asset purchase agreement and
related employment agreement with Cole & Ashcroft, a Houston-based
manufacturer and distributor of gift basket supplies and gift packaging.  In his petition, Bounds alleged that he
anticipated bringing his own business customers to the business and working to
develop new business in the candy, chocolate, and gift basket industry.  Bounds believed that Cole & Ashcroft was
substantially larger and better funded than his own operation; however, after
entering into the transactions, Bounds allegedly discovered that Cole &
Ashcroft had made fraudulent misrepresentations concerning the size and scope
of its business and its ability to support new business.  Cole & Ashcroft also allegedly refused to
pay commissions on new business Bounds generated and terminated him without
cause.

In December 2003, Bounds filed suit
against Cole & Ashcroft, alleging fraud, negligent misrepresentation, and
breach of contract.  On December 18,
2004, the trial court granted Cole & Ashcroft=s traditional and
no-evidence motion for summary judgment on all of Bounds=s claims.  The trial court=s order did not
specify the ground or grounds relied on for its ruling.  This appeal followed.

Issues on Appeal

On appeal, Bounds raises five issues:  (1) he established the element of reliance to
defeat summary judgment on his fraud claim; (2) the merger clause in the asset
purchase agreement did not preclude his fraud claim; (3) he did not ratify or
waive his fraud and negligent misrepresentation claims; (4) his negligent
misrepresentation claim is not barred by the statute of limitations; and (5) he
raised fact issues to preclude summary judgment on his breach of contract
claim.  We will address Bounds=s issues as they
relate to his fraud, negligence, and breach of contract claims.

A.      Standards
of Review








The movant for a traditional summary judgment has the burden
to show there is no genuine issue of material fact and it is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  However, once the movant establishes that it
is entitled to summary judgment, the burden shifts to the non-movant to show
why summary judgment should not be granted. 
See Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989).  Summary judgment for a defendant is proper
when the defendant negates at least one element of each of the plaintiff=s theories of recovery or pleads and
conclusively establishes each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997).  When deciding
whether there is a disputed material fact issue precluding summary judgment, we
must take as true all evidence favorable to the non‑movant.  Nixon, 690 S.W.2d at 548B49. 
We must indulge every reasonable inference in favor of the non‑movant
and resolve any doubts in its favor.  Id.
at 549.


Additionally, after sufficient time for discovery has passed,
a party may file a Ano evidence@ motion for summary judgment if there is no evidence of one
or more essential elements of a claim or defense on which an adverse party
would have the burden of proof at trial. 
See Tex. R. Civ. P. 166a(i). 
We sustain a no-evidence issue when (a) there is a complete absence of
evidence of a vital fact, (b) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact,
(c) the evidence offered to prove a vital fact is no more than a mere
scintilla, or (d) the evidence conclusively establishes the opposite of the
vital fact.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003). If the respondent brings forth
more than a scintilla of probative evidence to raise a genuine issue of
material fact, a no‑evidence summary judgment is improper.  Tex.
R. Civ. P. 166a(i); King Ranch, 118 S.W.3d at 751.  Less than a scintilla of evidence exists when
the evidence is so weak as to do no more than create a mere surmise or suspicion
of a fact.  King Ranch, 118 S.W.3d
at 757.

B.      The
Fraud Claim








In his first and second issues, Bounds
contends Cole & Ashcroft was not entitled to summary judgment on his fraud
claim, which was based on lack of reliance and the existence of the merger
clause.  In his third issue, Bounds
contends Cole & Ashcroft failed to demonstrate that he ratified or waived
the fraud and negligent misrepresentation claims.  We hold that Bounds=s fraud claim is
barred by the merger clause in the asset purchase agreement, and consequently
we do not reach Bounds=s contention that Cole & Ashcroft
failed to establish the affirmative defenses of ratification and waiver as to
fraud.

Bounds contends that Cole & Ashcroft
misrepresented sales figures for the division he was hired to run, and that he
relied on the allegedly fraudulent statements in deciding to enter into the
asset purchase agreement.[1]  In its motion for summary judgment, Cole
& Ashcroft asserted that the merger clause of the asset purchase agreement
precluded reliance on any allegedly fraudulent statement.  The merger clause provided as follows:

SECTION 9.4     Entire
Agreement.  This Agreement (including
the Exhibits and Schedules hereto), together with the Bill of Sale and the
Employment Agreement, constitutes the entire agreement among the parties with
respect to the subject matter hereof and supersedes all prior written or oral
agreements and understandings and all contemporaneous oral agreements and
understandings among the parties or any of them with respect to the subject
matter hereof.  All Exhibits and
Schedules hereto are expressly made a part of this Agreement.

In response, Bounds contends that the merger clause
fails to clearly express intent to waive his fraud claim.  








Reliance is an element of fraudulent
inducement.  See In re FirstMerit
Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001); Johnson & Higgins of
Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998).  The inclusion of a merger clause or a
disclaimer of reliance in an agreement may, under certain circumstances, negate
the element of reliance and thus preclude a claim of fraudulent
inducement.  See Schlumberger Tech.
Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997) (holding disclaimer
provision in settlement agreement defeated fraudulent inducement claim by
negating reliance on pre‑contractual representations).  The factors to consider when assessing the
sufficiency of the evidence of reliance include (1) the terms of the contract,
(2) the circumstances surrounding its formation, (3) whether the parties were
represented by counsel, and (4) whether the parties negotiated at arm=s length.  See id. at 179B80. 

Bounds attempts to distinguish Schlumberger
by contending that the clause here does not clearly express the
parties= intent to waive
fraudulent inducement claims.  See id.
at 181 (AIn sum, we hold that a release that
clearly expresses the parties= intent to waive
fraudulent inducement claims, or one that disclaims reliance on representations
about specific matters in dispute, can preclude a claim of fraudulent
inducement.@). 
Bounds also attempts to distinguish IKON Office Solutions, Inc. v.
Eifert, 125 S.W.3d 113 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied), a factually similar case relied on by Cole &
Ashcroft.  Bounds asserts that IKON
is distinguishable because, in that case, the court held that the agreement
containing the merger clause recited specific language encompassing the subject
of the alleged misrepresentation and therefore merged the alleged
representation into the final agreement. 
See id. at 128.  Bounds
argues that, because the asset purchase agreement does not contain a clear
description of sales figures or a Adescription that
can be merged into the agreement,@ the merger clause
does not apply.  However, we do not view
the issue so narrowly.








We have reviewed the facts and
circumstances of this case and the case law cited by the parties and, assuming
the representation Bounds relies on is actionable, concluded that any reliance
on the representation as to sales figures is precluded by the merger
clause.  Here, Cole & Ashcroft
established that Bounds was an experienced businessman who had operated several
independent marketing businesses, including the gift basket supply business.  Bounds was represented by a lawyer during the
negotiations prior to  the buy-out of his
business with Cole & Ashcroft and had an opportunity to engage in a
detailed inquiry about its business. 
However, in his deposition, Bounds admitted that, during the negotiations,
he did not ask for any written information about Cole & Ashcroft=s volume of
business, financial condition, or sales revenues.  In fact, Bounds never asked for any
documentation in writing of the sales figures for the wholesale-to-trade
division, despite his contention that Cole & Ashcroft=s sales figures
were material to his decision.  Instead,
Bounds acknowledged and agreed that the asset purchase agreement constituted Athe entire
agreement among the parties@ and Asupersedes all
prior written and oral agreements and understandings@ among the
parties.  Bounds does not contend the
asset purchase agreement was not freely negotiated, nor does he contend it is
ambiguous.

Given the clear language of the merger
clause here and the circumstances surrounding the parties= negotiations, we
hold Bounds could not have reasonably relied on the single, alleged oral
misrepresentation by Cole & Ashcroft=s president.  See Schlumberger, 959 S.W.2d at 181; Ikon,
125 S.W.3d 126B28; see also Coastal Bank SSB v. Chase
Bank of Texas, N.A., 135 S.W.3d 840, 843 (Tex. App.CHouston [1st
Dist.] 2004, no pet.) (holding circumstances surrounding formation of contract
and nature of disclaimers in arm=s length
transaction between two sophisticated financial institutions that were both
represented by counsel negated justifiable reliance).  Therefore, the trial court did not err in
granting summary judgment on Bounds=s fraud claim.

We therefore overrule Bound=s first and second
issues, and do not reach his third issue as to fraud.

C.      The
Negligent Misrepresentation Claim








In his third issue, Bounds also contends
Cole & Ashcroft failed to establish its affirmative defenses of
ratification and waiver to defeat his negligent misrepresentation claim.  In his fourth issue, Bounds contends his
negligent misrepresentation claim is not barred by the statute of
limitations.  Because we hold that Bounds=s summary judgment
evidence does not defeat Cole & Ashcroft=s evidence that
Bounds=s claim is barred
by the statute of limitations, we do not consider whether Cole & Ashcroft
established the affirmative defenses of ratification and waiver as to Bounds=s negligent
misrepresentation claim.

Similar to his fraud claim, Bounds=s negligent
misrepresentation claim is based on the alleged misrepresentation concerning
Cole & Ashcroft=s annual sales in its wholesale-to-trade
division.  A negligent misrepresentation
claim is subject to a two-year statute of limitations.  See Tex.
Civ. Prac. & Rem. Code ' 16.003; see
also HECI Exploration Co. v. Neel, 982 S.W.2d 881, 885 (Tex. 1998) (noting
applicability of two‑year statute of limitations for negligent
misrepresentation).  

In his deposition, Bounds testified that
Cole & Ashcroft=s president made the alleged
misrepresentation concerning its sales in September 2001.  Bounds further testified that he learned the
alleged statements concerning Cole & Ashcroft=s sales figures
were false during  October 2001, after he
ran a sales report. Bounds did not file his suit, however, until December 2003,
more than two years after this discovery. 
In a subsequent summary judgment affidavit, Bounds attempted to modify
his deposition testimony to assert that, although he investigated his
suspicions in October, he Awas unable to
determine if [his] suspicions where [sic] correct until some time in 2002.@[2]  Bounds does not identify any facts to support
this assertion.  








Notwithstanding the discovery rule, Cole
& Ashcroft contends the evidence establishes that Bounds Aknew or,
exercising reasonable diligence, should have known of the facts giving rise@ to his negligent
misrepresentation claim as early as October 2001, when he first suspected a
problem.  See HECI, 982 S.W.2d at
886 (discussing application of discovery rule to defer accrual of a cause of
action in those cases in which the nature of the injury is inherently
undiscoverable and the evidence of the injury is objectively verifiable).  We agree. 
Therefore, we hold that the trial court properly granted summary
judgment on Bounds=s negligent misrepresentation claim.[3]  Because of our holding, we do not reach
Bounds=s claim in his
third issue that Cole & Ashcroft failed to establish ratification or waiver
of this claim.

We therefore overrule Bounds= fourth issue.

D.      The
Breach of Contract Claim

Finally, in his fifth issue, Bounds contends
he raised fact issues that precluded the trial court=s grant of summary
judgment on his claim that Cole & Ashcroft breached the employment
agreement.  However, we find the trial
court did not err in granting summary judgment on this claim.

In its motion for summary judgment, Cole
& Ashcroft asserted that it fully complied with the employment agreement in
terminating Bounds for cause and in compensating him. The employment agreement
provided that Bounds may be terminated for cause based on a failure Ato meet realistic
performance goals established from time to time by Company management in
consultation with@ Bounds. 
Cole & Ashcroft presented undisputed evidence, in the form of Bounds=s own deposition
testimony, that Bounds failed to meet his agreed-upon sales goals in 2002, and
was not likely to meet his sales goals for 2003.  Thus, Cole & Ashcroft demonstrated, as a
matter of law, that it had the right to terminate Bounds for cause as provided
in the employment agreement.  Bounds
presented no evidence to counter their proof.








The employment agreement also provided
that, upon termination for cause, Bounds was entitled Ato receive his
accrued Base Salary on a pro rata basis to the date of termination.@  Bounds was terminated August 11, 2001, and he
admitted in his deposition that Cole & Ashcroft paid him his full salary
through the end of AugustCmore than what was required under the
terms of the employment agreement. 
Bounds also admitted that Cole & Ashcroft paid outstanding
commissions on items that shipped through his termination date, even though the
company was not contractually required to do so in the event of a termination
for cause.








In response, Bounds contended that he was
wrongly terminated because (1) the sales goals he agreed to were not attainable
because they were based in part on false sales figures,[4]
(2) Cole & Ashcroft systematically transferred business he established out
of his division to Afraudulently decreas[e] his sales numbers,@ and (3) failed to
pay commissions Aas specified in the referenced agreement.@  These conclusory assertions were not
accompanied by any explanation of the basis for these alleged breaches by Cole
& Ashcroft, any discussion of the allegedly relevant provision of Athe referenced
agreement,@ or any explanation of the relevant
evidence allegedly supporting these assertions. 
Instead, Bounds merely referred the trial court (and this Court) to the
employment agreement and the deposition testimony attached to the response.[5]  A[I]ssues a
non-movant contends avoid the movant=s entitlement to
summary judgment must be expressly presented by written answer to the motion .
. . and are not expressly presented by mere reference to summary judgment
evidence.@  McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); see
also Boeker v. Syptak, 916 S.W.2d 59, 61 (Tex. App.CHouston [1st
Dist.] 1996, no writ) (AA party must expressly and specifically
identify the supporting evidence on file which it seeks to have considered by
the trial court.@). 
Accordingly, Bounds=s mere reference
to the employment agreement and deposition testimony is insufficient to support
his general assertions as a ground for avoiding summary judgment. 

We therefore overrule Bounds=s fifth issue.

Conclusion

We overrule Bounds=s issues and
affirm the trial court=s judgment.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed June 22, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.











[1]  In his brief,
Bounds does not identify the representation allegedly made, but instead points
to the following deposition exchange between Bounds and Cole & Ashcroft=s counsel:  

 

Q:         [Defense counsel]: 
And sales was something that was pretty important in this deal if you
were going to sign on with this company and sort of hitch your wagon to their
star, right?

A:         [Bounds]:  Yes.

 

Cole & Ashcroft state that Bounds=s claim is based on the allegation that, at a meeting
in September 2001, Cole & Ashcroft=s
president told Bounds that the sales of the wholesale-to-trade division were Aprobably about 250,000 [dollars] a year.@  Bounds
allegedly discovered this was false when, a few days after coming to work, he
ran a sales report on October 10 or 11, 2001.





[2]  The full
paragraph concerning the misrepresentation claim is as follows:

 

AI began working for Cole & Ashcroft on or about
October 1st, 2001.  Shortly after
beginning to work for Cole & Ashcroft, I began to suspect that fraudulent
misrepresentations had been made to me in an effort to get me to enter into an
Asset Purchase Agreement with Cole & Ashcroft.  I investigated these suspicions in October,
but was unable to determine if my suspicions where [sic] correct until some
time in 2002.  At that time I became
convinced that I had been defrauded [and] my former business had become
irreversibly intertwined with Cole & Ashcroft.@





[3]  We note that
Cole & Ashcroft asserted in its summary judgment below and in its appellate
brief  that Bounds=s negligent misrepresentation claim, like his fraud
claim, was also barred by the merger clause in the asset purchase
agreement.  Bounds does not address this
possible basis for summary judgment in his appellate brief, but we agree with
Cole & Ashcroft that the merger clause is another basis on which the trial
court could have granted summary judgment on Bounds=s negligent misrepresentation claim.





[4]  Bounds contended in part that he
was wrongly terminated because Athe sales goals where [sic] based on a number the [sic]
equaled Mr. Bounds [sic] new business, plus what he believed was Cole &
Ashcroft=s existing business.@ 
Bounds argues that if Cole & Ashcroft had $250,000 of business to
build on, his sales for 2002 would have Aactually surpassed his 2002 goals.@ 
Based on these statements, we understand Bounds=s argument to be that the sales
goals he agreed to were not attainable because they were based in part on false
sales figures. 





[5]  Bounds also
referenced his affidavit in response to the summary judgment motion; however,
the statements in it are nothing more than unsupported conclusions:

 

AI feel the [sic] Cole & Ashcroft also breached my
employment contract by failing to pay commissions and give sales credit on new
customers that I generated.  Additionally
they wrongfully took away customer sales from my division in an effort to
reduce my sales numbers in a shameful attempt to justify my termination.@

 

Affidavits supporting and opposing
a motion for summary judgment must set forth facts, not merely conclusions.  Brownlee v. Brownlee, 665 S.W.2d 111, 112
(Tex. 1984).