Opinion issued April 16, 2009













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00042-CV




CROWN ASSET MANAGEMENT, LLC, Appellant

V.

CHRISTOPHER SHORT, Appellee



On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 889892
 

 

 
 
 
MEMORANDUM OPINION
          Appellant, Crown Asset Management, LLC, (“Crown”) filed a breach-of-contract suit against appellee, Christopher Short, (“Short”) for failure to make
payments on a car note. In two points of error, Crown contends that: (1) the trial court
erred in granting Short’s motion for summary judgment and denying Crown’s motion
for summary judgment; and (2) the evidence supporting the trial court’s declaratory
judgment that Short had superior title to the car and the trial court’s award of
attorney’s fees was legally and factually insufficient. In a cross-point, Short contends
that, when calculating its award of attorney’s fees in the declaratory judgment action,
the trial court erroneously segregated the fees Short incurred in pursuing summary
judgment from those he incurred in prosecuting the declaratory judgment action.
          We affirm the trial court’s summary judgment in Short’s favor. As to Short’s
declaratory judgment action, we reverse, render judgment for Crown, and vacate the
award of attorney’s fees to Short.Background
          Short bought a car from David McDavid Pontiac on December 29, 1995. On
April 9, 2007, Crown, claiming that it had been assigned the payment contract, sued
Short for breach of contract. Short counterclaimed under the Texas Debt Collection
Act (“TDCA”) as a tie-in statute to the Deceptive Trade Practices Act (“DTPA”) and
also sought a declaratory judgment declaring that he had exclusive title to the car.
Short then filed a combination traditional and no-evidence motion for summary
judgment, stating as his grounds that: (1) Crown’s claim was barred by the statute of
limitations; (2) there was no evidence of a contract between the parties; (3) there was
no evidence that he breached the contract; and (4) there was no evidence that all true
and just credits and set-offs had been afforded him.
          Crown filed two responses to Short’s summary judgment motion, a motion for
summary judgment on its own breach-of-contract claim, and a no-evidence motion
for summary judgment on Short’s counterclaim under the TDCA and DTPA. The trial
court granted Short’s motion for summary judgment on Crown’s breach-of-contract
claim. Short then nonsuited his counterclaim under the TDCA and DTPA. 
          The parties proceeded to a bench trial on Short’s declaratory judgment action,
in which Short sought a declaration that he had superior title to the car. At trial,
counsel for Crown informed the court that, unless it wished to “redecide the issue on
the motion for summary judgment” on Crown’s breach-of-contract claim, he was of
the opinion that there was “no issue left to litigate” with regard to ownership of the
car. After hearing evidence solely on the issue of attorney’s fees, the court entered a
judgment declaring that “Short holds superior title to the [car] against Crown Asset
Management, LLC, as well as its predecessors and successors.” The judgment also
awarded Short $1,500 in attorney’s fees. 
 
Summary Judgment 
          In its first point of error, Crown contends that the trial court erred by granting
Short’s motion for summary judgment and denying Crown’s motion for summary
judgment on Crown’s breach-of-contract claim against Short.


 
Standard of Review
          We review all summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). When, as here, both sides move for summary
judgment, and the trial court grants one motion but denies the other, a reviewing court
should review both sides’ summary judgment evidence, determine all questions
presented, and render the judgment that the trial court should have rendered. FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). When a
summary judgment does not specify or state the grounds on which the trial court
relied, the non-movant on appeal must negate any grounds on which the trial court
could have relied, and we will affirm the summary judgment on appeal if any of the
grounds presented in the motion is meritorious. Harwell v. State Farm Mut. Auto. Ins.
Co., 896 S.W.2d 170, 173 (Tex. 1995). A non-movant is required to show that each
ground alleged in the motion for summary judgment was insufficient to support
summary judgment. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
Specificity
          At the outset, we note the extremely cursory nature of Crown’s responses to
Short’s no-evidence motion for summary judgment. When presenting summary
judgment proof, a party must specifically identify the supporting proof on file that it
seeks to have considered by the trial court. See Arredondo v. Rodriguez, 198 S.W.3d
236, 238 (Tex. App.—San Antonio 2006, no pet.) (citing Boeker v. Syptak, 916
S.W.2d 59, 61 (Tex. App.—Houston [1st Dist.] 1996, no writ)). Further, “[a]ttaching
entire documents and depositions to a motion for summary judgment or to a response
and referencing them only generally does not relieve the party of pointing out to the
trial court where in the documents the issues set forth in the motion or response are
raised.” See Arredondo, 198 S.W.3d at 238-39 (citing Guthrie v. Suiter, 934 S.W.2d
820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ)).
          Crown’s first response to Short’s no-evidence motion simply states that “the
evidence indicates” that fact questions exist on the three issues raised. The response
refers to one piece of summary judgment evidence, an affidavit by Crown’s managing
member. Several purchase agreements and spreadsheets are attached to the affidavit
as exhibits, but no explanation is given as to how the attached documents raise fact
issues. One document, a lengthy payment history purporting to show Short’s breach
of the contract, is indecipherable because of the numerous payment codes listed next
to the various amounts and dates. No key describing the meaning of these codes is
given, and neither the affidavit nor the response clarifies why, for instance, two large
transactions are listed on the spreadsheet after the date on which Short supposedly
made his last payment. Another of the exhibits attached to the affidavit, described in
the affidavit only as “documentation showing the transfer of ownership to [Crown]”
and discussed no further, is nothing more than what appears to be a spreadsheet
containing no titles or column headings and simply listing information about Short
and the car at issue, along with various undefined dates and dollar amounts and the
name of the original financing company. 
          Crown’s second response and Crown’s own traditional summary judgment
motion are only slightly less vague, particularly on the element of breach.
Additionally, between the three pleadings, approximately 500 pages of documents are
either attached or incorporated by reference. None of the pleadings gives any
indication as to how the summary judgment evidence creates a fact issue on the
breach element. Neither this court nor the trial court is required to wade through a
voluminous record to marshal a party’s summary judgment proof. See Arredondo, 198
S.W.3d at 238.
          Accordingly, the trial court did not err in rendering summary judgment for
Short on Crown’s breach-of-contract claim. We overrule Crown’s first point of error.
 
 
Declaratory Judgment
          In its second point of error, Crown contends that the evidence supporting the
trial court’s declaratory judgment that Short had superior title to the car and the trial
court’s award of attorney’s fees was legally and factually insufficient.
Standard of Review—Legal Sufficiency
          We must sustain a legal sufficiency point: (1) when there is a complete absence
of a vital fact; (2) when rules of law or evidence preclude according weight to the
only evidence offered to prove a vital fact; (3) when the evidence offered to prove a
vital fact is no more than a scintilla; or (4) when the evidence conclusively establishes
the opposite of the vital fact. El-Khoury v. Kheir, 241 S.W.3d 82, 86 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied) (citing City of Keller v. Wilson, 168
S.W.3d 802, 810 & nn. 15-16 (Tex. 2005)). “The final test for legal sufficiency must
always be whether the evidence at trial would enable reasonable and fair-minded
people to reach the verdict under review.” City of Keller, 241 S.W.3d at 827.
Title
          Crown argues that “[n]o evidence was presented at all by Short that would
substantiate any claim with regard to ownership.” In response, Short argues that the
comments made by counsel for Crown in his opening statement indicating that there
was “nothing left to litigate” constituted a judicial stipulation by Crown and thus
excused Short from presenting evidence to support his claim for declaratory relief.
          We disagree with Short. “A judicial admission must be a clear, deliberate, and
unequivocal statement.” Regency Advantage Ltd. Partnership v. Bingo Idea-Watauga,
Inc., 936 S.W.2d 275, 278 (Tex. 1996). In his opening statement, counsel for Crown
also said that Crown was “ready and willing to proceed with [its] case as if the
summary judgment had not been granted” if the court wished to “open that [the issue
of ownership] for consideration.” Essentially, Crown’s counsel indicated that he
wished to try the issue of ownership but felt that the court’s ruling on the parties’
summary judgment motions forestalled litigation of that issue in the trial on Short’s
declaratory judgment action. 
          Reviewing the statement in context, Crown’s counsel’s statements were not
“clear, deliberate, and unequivocal” enough to constitute a judicial admission that
Short did in fact have superior title to the car against Crown and “its predecessors and
successors.” Id.; Horizon/CMS Healthcare Corporation v. Auld, 34 S.W.3d 887, 905
(Tex. 2000).
          Short further contends that adequate evidence exists in the record to support
the declaratory judgment. We disagree. Short did not present any evidence on the
issue of title at the declaratory judgment proceeding. The summary judgment on
Crown’s breach-of-contract action indicates only that the court found no genuine
issue of material fact on that particular cause of action, not that Short has superior
title to the car.
Attorney’s Fees
          A trial court may, in its discretion, award “reasonable and necessary attorney’s
fees as are equitable and just” to either the prevailing or the nonprevailing party in a
declaratory judgment action. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon
2008); see also Barshop v. Medina County Underground Water Conservation Dist.,
925 S.W.2d 618, 637-38 (Tex. 1996). The requirements that fees be reasonable and
necessary are matters of fact, while the requirements that fees be equitable and just
are matters of law. Bouquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). “Therefore,
in reviewing an attorney fee award under the Act, the court of appeals must determine
whether the trial court abused its discretion by awarding fees when there was
insufficient evidence that the fees were reasonable and necessary, or when the award
was inequitable or unjust.” Id.
          In the instant case, the trial court’s award of attorney’s fees to Short for his
declaratory judgment action was inequitable and unjust because, as noted above,
Short produced no evidence to support his claim for declaratory judgment. The only
evidence adduced by Short at the trial on his declaratory judgment action related to
the reasonableness and necessity of his attorney’s fees. We sustain Crown’s second
point of error, reverse the declaratory judgment in favor of Short, and vacate the trial
court’s award of attorney’s fees to Short.


      Conclusion
          We affirm the trial court’s summary judgment in favor of Short on Crown’s
breach-of-contract claim. We reverse the trial court’s judgment on Short’s declaratory
judgment action, render judgment on that claim for Crown, and vacate the award of
attorney’s fees to Short.
 
                                                                        

                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Hanks