ALLSTATE INSURANCE COMPANY, an Illinois corporation, Plaintiff,

v.

Waldo VALDEZ and Dorothy F. Duffy, Administratrix of the Estate of Henry E. Duffy, deceased, Defendants.

Civ. A. No. 20459.

United States District Court
E. D. Michigan, S. D.

Feb. 6, 1962.

480

Albert A. Miller, Garan, Lucow & Miller, Detroit, Mich., for plaintiff.

Robert E. Rutt, Ward, Plunkett & Cooney, Detroit, Mich., for defendants and counterclaimant Valdez.

LEVIN, Chief Judge.

In this action for declaratory judgment instituted by Allstate Insurance Company requesting a determination as to its liability on a policy of insurance issued to defendant Valdez, this court held that Allstate was liable on the policy. 190 F.Supp. 893 (1961). However, in that decision, the court did not rule on the counterclaim by Valdez for attorney's fees and expenses incurred in responding to the declaratory judgment action brought by Allstate.

Subsequently, Valdez filed a suit in the state court for attorney's fees and expenses incurred in defending the declaratory judgment action. Thereupon, Allstate filed a motion in this court to dismiss the counterclaim, with prejudice, in an attempt to prevent the determination of the issues by the state court. Alleging lack of jurisdiction because the amount in controversy is insufficient, Valdez filed a motion to dismiss the counterclaim without prejudice. These motions are now before the court.

 Treating Valdez' counterclaim as a motion to include attorney's fees in the assessment of costs under Rule 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the motion would be denied. The declaratory judgment action was not brought by Allstate in bad faith or vexatiously, and no costs may be allowed other than those ordinarily taxed by the clerk. Russell v. Cunningham, 233 F.2d 806 (9th Cir. 1956); Chicago Title & Trust Co. v. Fox Theatres Corp., 178 F.Supp. 899 (S.D.N.Y.1959), affirmed on opinion below, 277 F.2d 462 (2nd Cir. 1960).

Unlike Firemen's Insurance Co. of Newark, N. J. v. Smith, 180 F.2d 371 (8th Cir. 1950), and similar cases in which the counterclaims were for both

attorney's fees and the face value of the policies, this counterclaim is only for attorney's fees and expenses, which amount to less than the required jurisdictional minimum. Hence, unless the counterclaim may be considered a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure, I must dismiss it. Hoosier Casualty Co. of Indianapolis, Ind. v. Fox, 102 F.Supp. 214, 226 (N.D.Iowa 1952); Kaiser Aluminum & Chemical Sales, Inc. v. Ralston Steel Corp., 25 F.R.D. 23 (N.D.Ill.1959).

Rule 13(a) defines a compulsory counterclaim as:

> "Any claim which at the time * * * of pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. * * "

The "transaction or occurrence" which was the subject matter of the action by Allstate was the accidental discharge of a shotgun while it was being loaded into an automobile belonging to Valdez, who had been issued an insurance policy by Allstate. It cannot be said, however, that Valdez' counterclaim arose out of that transaction or occurrence. The purpose of the compulsory counterclaim rule is to insure that only one judicial proceeding be required to settle all those matters determinable by the same facts or law. The facts or law relative to the accident and its coverage under the insurance policy are not relevant, let alone decisive, in deciding whether Valdez has a right to attorney's fees or expenses incurred in responding to the declaratory judgment action.

In addition, was Valdez' counterclaim one which he had at the time he was served by Allstate with the pleadings in the action for declaratory judgment? As is stated in 3 Moore's Fed.Practice, Page 36 (and cases there cited at Note 19):

> "A claim which arises out of the bringing of the main action cannot be asserted either as a compulsory or a permissive counterclaim, since

such a claim is premature prior to the determination of the main action."

Until Valdez was served with the pleadings in the action for declaratory judgment, he had no claim for attorney's fees against Allstate. He knew that if he defended that action he would have certain fees and expenses, but until he completed his defense, he did not know their extent. In addition, his right to recover them might turn on the result of the declaratory judgment action. Therefore, "at the time of pleading," he did not have a mature claim against the opposing party.

For these several reasons, the counterclaim cannot be treated as compulsory; and, as the minimum jurisdictional amount is not in controversy, the counterclaim must be dismissed.

IT IS HEREBY ORDERED that Valdez' motion to dismiss the counterclaim for lack of jurisdiction is granted. Plaintiff's motion is denied.