The **FIDELITY MUTUAL LIFE INSURANCE COMPANY,**
Appellant,

v.

**ROBERT P. KAMINSKY,**
**M.D., P.A., Appellee.**

**No. 6–91–089–CV.**

Court of Appeals of Texas,
Texarkana.

Nov. 13, 1991.

Rehearing Overruled Jan. 7, 1992.

Jeffrey D. Burbach, Stibbs, Burbach, Beridon, The Woodlands, for appellant.

Michael A. Maness, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

The Fidelity Mutual Life Insurance Company appeals from a summary judgment granted in favor of Dr. Robert Kaminsky. Kaminsky brought this action to recover attorney's fees incurred in a prior suit against Fidelity. He was granted a summary judgment in the amount of $5,800.

On appeal, Fidelity contends that Kaminsky's claim for attorney's fees is barred by waiver, *res judicata*, and Rule 97 of the Texas Rules of Civil Procedure as a compulsory counterclaim. Fidelity complains that the trial court should have denied Kaminsky's motion for summary judgment on this basis and should have granted its motion for summary judgment.

In 1983, Kaminsky leased space for his medical clinic in a Houston office building owned by Fidelity. Kaminsky's practice included performance of elective abortions. The first year of the lease passed without incident. Then, in the summer of 1984, a right-to-life group began demonstrating in the parking lot and in the common areas inside the building, confronting Kaminsky's patients, and disrupting his practice. After several months of this, Kaminsky moved his clinic from the premises and refused to make any more lease payments.

Fidelity sued for the remaining rental due under the lease agreement. Kaminsky alleged that he had been constructively evicted from the premises by Fidelity's failure to provide effective security to deal with the abortion protestors. The jury agreed with Kaminsky and entered judgment in his favor. The Fourteenth Court

of Appeals affirmed the judgment.[1] Fidelity did not seek a writ of error and the judgment became final in April of 1989.

Paragraph 22 of the lease agreement contained the following terms:

> In the event Lessee makes default in the performance of any of the terms ... in this Lease and Lessor places the enforcement of this Lease ... in the hands of an attorney, or files suit upon the same, Lessee agrees to pay Lessor a reasonable attorney's fee incurred by Lessor. *Lessee shall likewise be entitled to reasonable attorney's fees from Lessor if Lessee is successful in any litigation under the Lease.*

(Emphasis added.) Pursuant to this paragraph, Kaminsky made written demand on Fidelity for $5,800 in attorney's fees. Fidelity refused to pay, so Kaminsky filed this suit alleging breach of contract.

■ We review summary judgment procedures according to the following standards: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact **and** that the movant is entitled to judgment as a matter of law; (2) in deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When, as in this case, both parties file a motion for summary judgment, and one is granted and one is denied, the denial may be considered by the reviewing court only if the appealing party complains of both the granting of the opponent's motion and the denial of his own motion. *Resource Sav. Ass'n v. Neary,* 782 S.W.2d 897, 903 (Tex. App.—Dallas 1989, writ denied). On appeal, Fidelity has complained both of the granting of Kaminsky's motion and the denial of its own motion.

■ We first address Fidelity's defenses of waiver, *res judicata,* and Rule 97 mandatory counterclaims. Waiver is an intentional relinquishment of a known legal right available at the time, or such conduct as warrants an inference of relinquishment. *Fortner v. Johnson,* 404 S.W.2d 892, 904 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n.r.e.). Fidelity has pointed to no evidence that shows directly or that implies that Kaminsky intended to relinquish his right to recover attorney's fees. An intentional relinquishment is not required, however, for the application of the doctrine of *res judicata.*

■ *Res judicata* prohibits a cause of action once finally determined between the parties on the merits by a competent tribunal from afterward being litigated in a new proceeding. *Gracia v. RC Cola–7–Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex.1984). The judgment in the first suit precludes a second action by the parties and their privies, not only on matters actually litigated, but also on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit. *Abbott Laboratories v. Gravis,* 470 S.W.2d 639, 642 (Tex.1971). Fidelity contends that Kaminsky's claim for attorney's fees could have been litigated in the first suit and is therefore barred in a second. It has been held, however, that *res judicata* does not apply to cross-claims or counterclaims which the defendant might have filed, unless the compulsory counterclaim rule is applicable. *LesBrookton, Inc. v. Jackson,* 796 S.W.2d 276, 281 (Tex.App.—Amarillo 1990, writ denied).

■ Parties often obtain attorney's fees in suits in which their entitlement to such fees is contingent upon the outcome of the suit. Furthermore, they are often awarded anticipatory attorney's fees contingent upon the case being successfully appealed. A tenant who successfully raises constructive eviction as a defense to a suit for the breach of a lease can be awarded attorney's fees in the initial suit. *Briargrove*

---

1. *Fidelity Mutual Life Insurance Co. v. Kaminsky,* 768 S.W.2d 818 (Tex.App.–Houston [14th Dist.] 1989, no writ).

*Shopping Center v. Vilar,* 647 S.W.2d 329 (Tex.App.—Houston [1st Dist.] 1982, no writ). An example is a case in which attorney's fees were awarded on the basis of the language in the contract which provided, "Subcontractor, shall, if the contractor prevails," pay contractor's reasonable attorney's fees. *Id.; Davis Masonry, Inc. v. B–F–W Construction Co.,* 622 S.W.2d 144 (Tex.Civ.App.—Waco 1981), *writ ref'd n.r.e.,* 639 S.W.2d 448 (Tex.1982). The court allowed those attorney's fees in the same cause of action. There is no question that attorney's fees in this type of case are granted in a counterclaim. The difficult question is whether they constitute a compulsory counterclaim.

▆▆ A counterclaim is compulsory if: (1) it is within the jurisdiction of the court, (2) it is not at the time of filing the answer the subject of a pending action, (3) the claim is mature and owned by the pleader at the time of filing the answer, (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, (5) it is against an opposing party in the same capacity, and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247 (Tex. 1988). A claim satisfying all six of these elements must be asserted in the initial action and cannot be asserted in later actions. *Id.*

The dispute in this case centers on the third requirement. Kaminsky contends his claim for attorney's fees was not mature at the time he filed an answer in the original suit. At that time, he had not yet been successful in any litigation under the lease. He argues he was not finally successful until the first judgment became final, which is when he made the demand for attorney's fees.

▆▆ Rule 97(a) of the Texas Rules of Civil Procedure is practically identical to Rule 13(a) of the Federal Rules of Civil Procedure. Texas courts have sought guidance from federal authorities as to what is a compulsory counterclaim. *Jack H. Brown & Co. v. Northwest Sign Co.,* 718 S.W.2d 397, 399 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

There are federal cases holding that an action to recover attorney's fees incurred defending a previous lawsuit is not a compulsory counterclaim. *Universal Underwriters Insurance Co. v. Security Industries, Inc.,* 391 F.Supp. 326, 327 (W.D.Wash.1974); *Allstate Insurance Co. v. Valdez,* 29 F.R.D. 479 (E.D.Mich.1962). In these cases, the courts found that the counterclaim must be in actual existence, as distinguished from inchoate or potential existence, at the time the defendant answers the complaint. The court in *Universal Underwriters Insurance Co.* case said:

> The claim herein to recover attorney fees and investigation costs, although it could have been contemplated at the time of the [prior] action, had no existence until Universal Underwriters' insured was absolved of liability ... in the prior action.

The court thus deemed that the expenses of the defense were merely speculative and premature at that time.[2]

As pointed out earlier, our courts routinely determine attorney's fees for cases on trial. They are not considered speculative or premature at the time of the trial. For example, under TEX.BUS. & COM.CODE ANN. § 17.49(d) (Vernon 1987), a "consumer who prevails" is awarded court costs and necessary attorney's fees. The fact that the consumer is not entitled to this until he or she prevails has never been construed to make the litigation expenses speculative and premature. Likewise, the defendant in such a cause of action can recover in the same suit reasonable and necessary attorney's fees and court costs if he can show

---

**2.** Professor Charles Wright, in addressing the requirement that the claim be mature, notes that a claim is not mature if it "depends upon the outcome of some other lawsuit and thus does not come into existence until the action upon which it is based has terminated...."

However, a counterclaim will not be denied treatment as a compulsory counterclaim solely because recovery of it depends on the outcome of the main action." 6 CHARLES WRIGHT, ET AL, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D, § 1411 (West 1990).

that the suit was groundless and brought in bad faith or for the purpose of harassment.

In spite of the persuasive federal case law to the contrary, we hold the counterclaim to be compulsory. We do not find that a claim for attorney's fees, even though contingent on the outcome of the suit, is in any way premature. For policy purposes, allowing a separate suit for attorney's fees arising out of a transaction encourages a multiplicity of suits and delays in litigation that can be resolved in a single suit. The facts and complexity of the suit is before the court at the time of the initial action, and neither judicial economy nor the time of the litigants and their counsel is well served by allowing separate suits.

Kaminsky contends that his right to fees arose not out of a breach of the lease but out of his having been successful in litigation under the lease. The success in his litigation was based upon Fidelity's breach of the contract. Maturity is thus dependent upon the factual matters that give rise to the success of the litigation. The very language of the contract suggests that Kaminsky "shall likewise be entitled" to attorney's fees on the same basis as the lessor. The lessor would have been entitled to attorney's fees upon a breach of the contract, provided that he succeeded in his litigation upon the breach. Even if the maturity of Kaminsky's claim was construed to be at the time he successfully prevailed and was entitled to judgment, that contingency occurred when the jury found in his favor, and this matter should have been submitted to the jury conditioned upon his prevailing on his defense of constructive eviction.

We hold that Kaminsky's action to recover attorney's fees is barred by *res judicata*. The judgment of the trial court is reversed and rendered as a take-nothing judgment in favor of Fidelity.