ACCEPTED
12-14-00365-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/6/2015 8:28:31 AM
CATHY LUSK
CLERK

## No. 12-14-00365-CV

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

5/6/2015 8:28:31 AM

CATHY S. LUSK
Clerk

# IN THE COURT OF APPEALS
# TWELFTH DISTRICT OF TEXAS
# AT TYLER

**FILED**

5/6/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

## EDOM CORNER, LLC AND EARL A. BERRY, JR.
### APPELLANTS

### v.

## IT'S THE BERRYS, LLC d/b/a MARY ELLEN
### APPELLEE

### On Appeal from the 294th Judicial District Court
### Of Van Zandt County, Texas
### Trial Court Cause 09-00138
### Hon. Teresa Drum, Judge Presiding

## APPELLANTS' BRIEF

Katherine A. Ferguson
SBN 06918050
Renshaw, Davis & Ferguson, L.L.P.
2900 Lee Street, Suite 102
P.O. Box 21
Greenville, Texas  75403-0021
Telephone: (903) 454-6050
Facsimile: (903) 454-4898
Email: rdflawoffice@yahoo.com

Richard L. Ray
SBN 16606300
Ray & Thatcher, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103
Telephone:  (903) 567-2051
Facsimile:  (903) 567-6998

### ATTORNEYS FOR APPELLANTS EDOM CORNER, LLC
### AND EARL A. BERRY, JR.

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

**Appellants:**
Edom Corner, LLC
Earl A. Berry, Jr.

**Appellants' Attorneys:**
Katherine A. Ferguson
Renshaw, Davis & Ferguson, LLP
P.O. Box 21
Greenville, Texas 75403-0021

Richard L. Ray
Ray & Thatcher, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103

**Appellants' Trial Attorneys:**
Katherine A. Ferguson
Renshaw, Davis & Ferguson, LLP
P.O. Box 21
Greenville, Texas 75403-0021

Richard L. Ray
Ray & Thatcher, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103

**Appellee:**
It's the Berry's, LLC d/b/a Mary Ellen's

**Appellee's Attorneys:**
Larry M. Lesh, Esq.
1 Forest Park Drive
Richardson, Texas 75080

R. Paul Elliot, Esq.
301 S. Main St.
Canton, Texas 75103

**Appellee's Trial Attorneys:**
Larry M. Lesh, Esq.
1 Forest Park Drive

Richardson, Texas 75080

R. Paul Elliot, Esq.
301 S. Main St.
Canton, Texas 75103

**<u>Trial Court:</u>**
Hon. Teresa A. Drum
294th Judicial District Court

# TABLE OF CONTENTS

Identity of the Parties and Counsel ..................................................................2

Table of Contents ...........................................................................................4

Index of Authorities ........................................................................................5

Statement of the Case......................................................................................8

Statement Regarding Oral Argument ...............................................................8

Issues Presented .............................................................................................8

**Issue One**
> THE TRIAL COUR ERRED IN FINDING THAT APPELLEEE WAS THE PREVAILING PARTY IN THE LITIGATION

**Issue Two**
> THE TRIAL COURT ERRED IN FINDING NEITHER RES JUDICATA NOR COLLATERAL ESTOPPEL BARRED APPELLEE'S SUIT

**Issue Three**
> THE TRIAL COURT ERRED IN FINDING BERRY INDIVIDUALLY LIABLE IN APPELLEE'S SUIT

**Issue Four**
> THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES ON SUMMARY JUDGMENT TO APPELLEE

Statement of the Facts .....................................................................................9

Summary of Argument ...................................................................................16

Argument and Authorities...............................................................................17

Conclusion and Prayer for relief......................................................................35

Certificate of compliance of typeface and Word Count ...................................36

Certificate of Service .....................................................................................36

# INDEX OF AUTHORITIES

**Federal Cases:**

*Citizens for a Better Environment v. The Steel Co.,*
  230 F.3d 923 (7th Cir. 2000)..................................................................................20

*Grynberg v. Praxair, Inc.,*
  389 F.3d. 1038 (10th Cir. 2004).............................................................................20

**State Cases:**

*Armstrong v. Rice,*
  556 S.W.2d 620 (Tex. App. – Texarkana 1977, reh'g denied) ............................32

*Carbon El Norteno, LLV v. Sanchez,*
  2008 WL 3971554 (Tex. App. – Corpus Christi 2008, no pet.)...........................30

*CSFB 1998-PI Buffalo Speedway Office, Ltd. Partnership v. Amtech Elevator Services*, 2007 WL 3294287 (Tex. App. – Houston [1st Dist.] Aug. 19, 2010) ......33

*CU Lloyd's of Tex. v. Feldman,*
  977 S.W.2d 568 (Tex. 1998).................................................................................17

*Engel v. Pettit*,
  713 S.W.2d 770 (Tex. App. – Houston [14th Dist.] 1986)...................................33

*Estate of Tyner,*
  292 S.W.3d 179 (Tex. App. – Tyler 2009) ...........................................................33

*Fidelity Mutual Life Ins. Co. v. Kaminsky,*
  820 S.W.2d 878 (Tex. App. – Texarkana 1992, writ denied) ..............................24

*Gillam v. Sullivan,*
  352 S.W.2d 507 (Tex. Civ. App. – Ft. Worth 1961, writ ref'd n.r.e.)..................32

*Green International, Inc. v. Solis*,
  951 S.W.2d 384 (Tex. 1997).................................................................................34

*Hackberry Creek Country Club, Inc. v. Hackberry Creek Homeowners Assoc.,*

205 S.W.3d 46 (Tex. App. – Dallas 2006, pet. denied)..................................28, 29

*Healthcare Cable Systems, Inc. v. The Good Shepherd Hospital, Inc.,*
180 S.W.2d 787 (Tex. App. – Tyler 2005, no pet.)..............................................28

*Igal v. Brightstar Information Technology Group, Inc.,*
250 S.W.3d 78 (Tex. 2008)..................................................................24, 26

*In Re Nalle Plastics Family Ltd. Partnership,*
406 S.W.3d 168 (Tex. 2013)....................................................................34, 35

*Insurance Co. of the State of Pennsylvania v. Oraco,*
170 S.W.3d 129 (Tex. App. – San Antonio 2005, no pet.)..........................18, 19

*It's the Berry's, LLC v. Edom Corner, LLC,*
271 S.W.3d 765 (Tex. App. – Amarillo 2008, no pet.) ........................................19

*King Ranch, Inc. v. Chapman,*
118 S.W.3d 742 (Tex. 2003).....................................................................17

*Malcomson Road Utility Dist. v. Newsome,*
171 S.W.3d 257 (Tex. App. – Houston [1st Dist.] 2005)......................................17

*Martin v. Dosoh I, Ltd., Inc.,*
2 S.W.3d 350 (Tex. App. – San Antonio 1999, pet. denied)................................31

*MBM Financial Corp. v. Woodlands Operating Co.,*
292 S.W.3d 660 (Tex. 2009)....................................................................34

*Mediacomp, Inc. v. Capital Cities Communication,*
698 S.W.2d. 207 (Tex. App. – Houston [1st. Dist.] 1985, no pet.).......................28

*Musgrave v. Owen,*
67 S.W.3d 513 (Tex. App. – Texarkana 2002)....................................................27

*Mustang Pipeline Co. v. Driver Pipeline Co., Inc.,*
134 S.W.3d 195 (Tex. 2004)....................................................................34

*Samedan Oil Corp. v. Louis Dreyfus Nat. Gas Corp.,*
52 S.W.3d 788 (Tex. App. – Eastland 2001, pet. denied) ...................................31

*Smith v. Patrick W.Y. Tam Trust,*
   296 S.W.3d 545 (Tex. 2009).................................................................................33

*State Farm Life Ins. Co. v. Beaston*,
   907 S.W.2d 430...................................................................................................34

*Sugarland Bus. Ctr., Ltd. v. Norman,*
   624 S.W.2d 639 (Tex. App. – Houston [14th Dist.] 1981, no writ) ......................32

*Twin City Fire Ins. Co. v. Vega-Garcia,*
   223 S.W.3d 762 (Tex. App. – Dallas 2007, pet. denied)................................21, 22

**State Statutes:**

TEX. BUS. ORGAN. CODE SEC. 101.113 .....................................................................29

TEX. BUS. ORGAN. CODE SEC. 101.114 .................................................................29, 30

TEX. CIV. PRAC. & REM. CODE SEC. 37.009 ............................................................31

TEX. CIV. PRAC. & REM. CODE SEC. 38.001 .......................................................34, 35

TEX. R. APP. P. SEC. 39..............................................................................................8

TEX. R. CIV. P. 65 .....................................................................................................32

## STATEMENT OF THE CASE

This case arises from a series of litigation between Edom Corner, LLC ("Edom Corner") and It's the Berry's, LLC d/b/a Mary Ellen's ("ITB") relating to a lease of commercial property.

## STATEMENT REGARDING ORAL ARGUMENT

Appellants request oral argument. *See* TEX. R. APP. P. 39 (2015). Although the facts and legal arguments are adequately presented in this Brief, Appellants believe that this Court's decisional process will be significantly aided by oral argument.

## ISSUES PRESENTED

**Issue Number One**

> THE TRIAL COUR ERRED IN FINDING THAT APPELLEE WAS THE PREVAILING PARTY IN THE LITIGATION

**Issue Number Two**
> THE TRIAL COURT ERRED IN FINDING NEITHER RES JUDICATA OR COLLATERAL ESTOPPEL BARRED APPELLEE'S SUIT

**Issue Number Three**
> THE TRIAL COURT ERRED IN FINDING BERRY INDIVIDUALLY LIABLE IN APPELLEE'S SUIT

**Issue Number Four**
> THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES ON SUMMARY JUDGMENT TO APPELLEE

## STATEMENT OF THE FACTS

Appellant Edom Corner, LLC ("Edom Corner") was a limited liability company organized under the laws of the State of Texas and having its principal place of business in Van Zandt County, Texas. Appellant Earl A. Berry, Jr. ("Berry") is an individual living in Van Zandt County, Texas. Berry was also a member of defendant Edom Corner. Appellee It's the Berry's, LLC d/b/a Mary Ellen's ("ITB") is a limited liability company organized and existing under the laws of the State of Texas and having its principal offices and principal place of business in Van Zandt County, Texas.

From May of 2006 until October of 2008, Edom Corner and ITB were involved in a series of litigation regarding their respective rights and obligations under a commercial property lease. This litigation involved only Edom Corner and ITB as Plaintiff and Defendant, respectively. The end result of the series of litigation was that ITB was no longer a tenant of Edom Corner. Subsequent to the conclusion of this series of litigation, ITB filed this cause asserting a claim for its attorney's fees in the previous series of litigation (CR VOL. 1, #13), despite the fact that ITB had had either made such claims in the previous series of litigation or such claims were not made but were compulsory counterclaims (such as adding Berry individually as a party to the litigation) therein.

9

The history of the litigation between Appellants and Appellee relates to a retail lease of real property. On or about September 1, 2004, Edom Corner entered into a Retail Lease with It's The Berry's, LLC, the term of which would expire on August 31, 2007 (the "Lease"). (CR Vol. 2, #342).

On or about May 12, 2006, Edom Corner initiated litigation against ITB in the Justice of the Peace Court, Precinct 4 in Cause No. E40196. That suit was transferred to the 294th Judicial District Court of Van Zandt County and consolidated as cause No. 06-00428 (the "District Court Case"). ITB counterclaimed in that action for a declaratory judgment that ITB was not in breach of the Lease and for attorney's fees. A bench trial was held in July of 2006 and the Trial Court signed a judgment awarding Edom Corner possession of the leased premises, a writ of possession, costs and attorney's fees (the "Trial Court Judgment"). (CR Vol. 2, #285) The Trial Court Judgment also decreed that ITB take nothing by its counterclaims. The court set a supersedeas bond for the monetary portions of the Trial Court Judgment, but did not permit Appellee to supersede the non-monetary portions, which included a writ of possession for the leased premises. (CR Vol. 2, #285)

In the course of preparing to appeal the District Court Case, ITB filed a petition for writ of mandamus in the Texas Court of Appeals for the Twelfth District sitting in Tyler to force the court to set a supersedeas bond. This was filed as cause

no. 07-06-298. The mandamus was conditionally granted unless the trial court set a supersedeas bond for the non-monetary portions of the Judgment. The trial court set a supersedeas bond for the non-monetary portion of the Judgment in the amount of $50,000.

After the court set the supersedeas bond, but prior to the posting of the supersedeas bond by ITB, on or about October 26, 2006 Edom Corner initiated litigation against Park Cities Bank (Cause No. 06-00829) in the 294th District Court of Van Zandt County, Texas (the "Park Cities Garnishment") and against the First State Bank of Ben Wheeler (Cause No. 06-00830) (the "Ben Wheeler Garnishment") in an attempt to execute on the Judgment. On October 30, 2006, ITB filed an Emergency Motion to Dissolve the Writ of Garnishment on the basis that subsequent to the filing of the Park Cities Garnishment and the Ben Wheeler Garnishment actions, ITB made a cash deposit in lieu of supersedeas bond on October 30, 2006 to supersede the Judgment. (CR Vol. 2, # 287) On November 2, 2006, the Writs of Garnishment in the Ben Wheeler Garnishment and the Park Cities Garnishment were dissolved.

The appeal of the District Court Case was initially assigned to the Twelfth Court of Appeals at Tyler but, due to docketing concerns, was transferred to the Seventh Court of Appeals at Amarillo under Cause No. 07—6-00390-CV (the "Amarillo Appeal").

11

On or about January 5, 2007, after the conclusion of the District Court Case and while the Amarillo Appeal was pending, Edom Corner instituted another action against ITB for breaches of the Lease which occurred post-Judgment. This was filed in the Justice Court, Precinct 4, Place 1 under Cause No. E40222 (the Second Breach Suit"). ITB filed a Plea in Abatement Subject To, And Without Waiving, Motion to Dismiss, alleging that the matters in this action were the same as in the District Court Case. The Plea in Abatement was granted and the Second Breach Suit was dismissed and no fees were awarded to ITB. (CR Vol. 2, #303)

During the Second Breach Suit, Edom Corner learned of a possible conflict of interest with its former attorney joining the firm of Dan Anderson, who was representing ITB. Edom Corner therefore filed motions to disqualify Dan Anderson's firm and Larry Lesh, which led ultimately to a petition for writ of mandamus in the Texas Supreme Court in Cause No. 07-0537 (the "Disqualification Mandamus"). The Disqualification Mandamus was denied with no attorney's fees having been awarded to ITB. (CR Vol. 2, #304)

Edom Corner subsequently appealed the Second Breach Suit. That appeal was docketed as Cause No. CV04217 in the County Court at Law of Van Zandt County, Texas. ITB filed a Motion to Dismiss Appeal, and did not request attorney's fees. The Second Breach Suit was subsequently transferred to the 294th District Court under Cause No. 07-00187, and there was no counterclaim by ITB for

12

attorney's fees.  (CR Vol. 2, #305)  Edom Corner later non-suited this cause on September 4, 2007.  (CR Vol. 3, #309)

On or about May 1, 2007, Edom Corner posted a notice to vacate for non-payment of rent on the front door of the property leased by ITB.  In response to that posting, on or about May 5, 2007, ITB sued Edom Corner in Cause No. 07-00341 in the 294th Judicial District Court (the "Temporary Injunction Action"), seeking a temporary injunction against Edom Corner instituting any eviction action and for costs and attorney's fees.  (CR Vol. 2 # 310)  On May 8, 2007, after hearing, the court ruled that ITB's petition for a temporary injunction was in all things denied. (CR Vol. 2 # 317)

On or about May 10, 2007, Edom Corner filed a forcible entry and detainer action against ITB in the Justice Court, Precinct 4, Place 1 of Van Zandt County, in Cause No. E40233 (the "Third Breach Suit").  ITB filed a counterclaim including a request for attorney's fees and costs, but did not seek to add Berry individually as a party to the suit.  (CR Vol. 2, #318)  On May 23, 2007, Judge Scott Shinn entered a judgment in favor of ITB but denied its request for attorney's fees.  (CR Vol. 2, #322)  Edom Corner appealed the Third Breach Suit to the County Court at Law of Van Zandt County, Texas under Cause No. CV04237.  ITB again filed a Plea in Abatement, and Subject Thereto, Amended Answer and Counterclaim, alleging that the subject of the suit was identical to the pending District Court Case, but again did

13

not file any claim against Berry individually. (CR Vol. 2, # 323) This case was non-suited on September 4, 2007. (CR. Vol. 2, #329)

On or about October 28, 2008, the Amarillo Court of Appeals issued its opinion in the Amarillo Appeal. (CR Vol. 2, #331). This decision, which became final, found that the district court lacked subject matter jurisdiction over Edom Corner's forcible entry claims against ITB in the District Court Case and reversed that portion of the Judgment. The Amarillo Court of Appeals also affirmed the portions of the Judgment which denied all of ITB's claims, including ITB's claims for attorney's fees and costs. (CR Vol. 2, #331) The District Court Case, the Park Cities Garnishment, the Ben Wheeler Garnishment, the Second Breach Suit, the Disqualification Mandamus, the Temporary Injunction Action, the Third Breach Suit, and the Amarillo Appeal are referred to collectively herein as the "Litigation."

On January 9, 2009, Appellee sent a demand notice to Appellant Edom Corner (CR Vol. 1, #19) but did not include Appellant Berry in the demand. On February 26, 2009, Appellee filed suit against Appellant Edom Corner, alleging that Appellant Edom Corner was liable to Appellee for attorney's fees arising out of the Litigation. (CR Vol. 1, #13). On May 28, 2009, Appellee filed a First Amended Original Petition (CR Vo1. 1, #114) wherein for the first time Appellee sought any sort of recovery against Appellee Berry arising out of the Litigation.

This suit proceeded, with numerous motions for summary judgment filed by both Appellee and Appellants. (CR Vol. 1, #123; CR Vol. 2, #259). These motions were all denied by the Trial Court. (CR Vol. 5, #851; CR Vol. 5, #884; CR Vol. 5, #885). The parties were ordered to mediation, but no settlement was reached. (CR Vol. 7, #1043). On April 4, 2013, the parties filed a Joint Motion for Determination of Controlling Questions of Law and for Interlocutory Appeal (CR Vol. 7, #1050) and the Trial Court ruled on those issues on May 8, 2014. (CR Vol. 8, #1428), wherein the Trial Court ruled in favor of Appellee on all issues submitted. Appellee promptly filed its Third Amended Motion for Summary Judgment (CR Vol. 8, #1435) wherein Appellee sought recovery of the attorney's fees incurred in the Litigation as well as for pursuing this case. Appellants filed their Response to Plaintiff's Motion for Final Summary Judgment on August 1, 2014 (CR Vol. 8, # 1464). The Trial Court heard that matter on August 11, 2014 (RR Vol. 6). On October 16, 2014, the Trial Court entered its Final Summary Judgment (CR Vol. 9, #1619). Appellants filed their Motion for New Trial (CR Vol. 9, #1625) on November 6, 2014 and filed their First Amended Motion for New Trial on December 17, 2014. (CR Vol. 10, #1699) On December 29, 2014 Appellants filed their Notice of Appeal (CR Vol. 10, #1705)

## SUMMARY OF ARGUMENT

The Trial Court erred in granting judgment for the Appellee in this suit. The suit was nothing more than a request for attorney's fees arising out of the prior litigation, and the prior judgments in those cases specifically denied the recovery of attorney's fees for Appellee. Therefore those claims are barred by res judicata. To the extent Appellee did not seek attorney's fees in those suits, the claims were compulsory counterclaims which Appellee was required to assert or waive forever. The claims against Appellant Berry individually are also barred by res judicata. The Appellee never added Appellant Berry as a party to any of the prior litigation. The claims of Appellee were mandatory claims against Appellant Berry and are now barred by res judicata. Additionally, the provisions of the Texas Business Organizations Code prohibit Appellee from seeking recovery against Appellant Berry solely by his status as a member of Appellant Edom Corner. Finally, the Trial Court erred in granting attorney's fees to Appellee on summary judgment because the Appellee was not the prevailing party, the claims were barred by res judicata, and Appellee wholly failed to provide any competent summary judgment evidence in support of their Third Amended Motion for Summary Judgment. Furthermore, Appellants, through the affidavit of expert Martin R. Bennett, raised a material issue of fact relating to attorney's fees. Finally, pursuant to the provisions of Tex. Civ. Prac. Rem. Code Sec. 38.001 because Appellee did not recover any actual damages

16

in any of the cases that compromised the litigation. Because it did not recover actual damages, it is not entitled to recover attorney's fees. The Trial Court erred in granting summary judgment in favor of Appellee.

## ARGUMENT AND AUTHORITIES

*Standard of Review*

The Trial Court did not conduct any evidentiary hearings or receive any testimony in this matter. The Trial Court ruled strictly on the pleadings of the parties. In effect, the Trial Court granted a no-evidence summary judgment motion in favor of Appellees. Both sides moved for summary judgment (CR Vol. 1, #28; CR Vol. 1, #123; CR Vol. 2, #259; CR Vol. 7, #1056; CR Vol. 8, #1310; CR Vol. 8, #1435) and the request for the Trial Court to rule on controlling issues of law was, in effect, a request for a ruling on the summary judgment motions. The standard of review, then, is for this court to consider the evidence in the light most favorable to the non-movant (Appellants). *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003) "When both sides move for summary judgment and the trial court grants one motion and denies the other, [the appellate court] can consider both motions, their evidence, and their issues and render the judgment the trial court should have rendered." *Malcomson Road Utility Dist. V. Newsom,* 171 S.W.3d 257, 263 (Tex. App. – Houston [1st Dist.] 2005). *See also CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998)

ISSUE ONE: THE TRIAL COUR ERRED IN FINDING THAT
APPELLEE WAS THE PREVAILING PARTY IN THE LITIGATION

In the Order on Joint Motion for Determination of Controlling Questions of Law and For Interlocutory Appeal, the Trial court held that Appellee "was the prevailing party in the litigation . . . described in the first amended original petition filed in this action." (CR Vol. 8, #1428-29). The Trial Court erred in this ruling.

"A prevailing party is one who is vindicated by the trial court's judgment." *Insurance Co. of the State of Pennsylvania v. Oraco,* 170 S.W.3d 129, 134 (Tex. App. – San Antonio 2005, no pet.) As shown below, Appellees were never vindicated by any trial court throughout the course of the Litigation. Appellant will address each parcel of the Litigation separately.

### *Appellee did not prevail in the District Court Case*

The District Court case was a forcible entry and detainer case filed by Appellant Edom Corner. Appellee filed an amended counter-petition in the District Court Case seeking a declaratory judgment that Appellee was not in default of the Lease and requested attorney's fees (see Exhibit A-1 to the Affidavit of Jeffrey W. Hurt)[1] In the Judgment, the Trial Court specifically *denied* Appellee's request for a declaratory judgment and for attorney's fees (CR Vol. 2, #285) Appellee appealed the District Court Judgment, alleging, among other grounds, that ITB was the

---

[1] The Affidavit of Jeffrey W. Hurt and all exhibits thereto which were attached to Defendants' Motion for Summary Judgment are incorporated herein by reference as if set forth fully in this Brief. (CR Vol. 2, #273 - 330)

"prevailing party" in the District Court Case and was entitled to attorney's fees. The Seventh Court of Appeals in the Amarillo Appeal held that the Trial Court lacked jurisdiction over the forcible entry and detainer suit brought by Edom Corner and severed and dismissed those portions of the Judgment. However, the appellate court specifically found that Appellee did "not contend that the absence of an award of attorney's fees under the Uniform Declaratory Judgments Act . . . was error. . . . We *overrule [ITB's] eleventh issue as to its claim for attorney's fees." It's the Berry's, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 772 (Tex. App. – Amarillo 2008, no pet) (*emphasis added*). Appellee was not awarded attorneys' fees and did not appeal the decision in the Amarillo Appeal. Therefore the appellate court held Appellee did not prevail in the Litigation and the denial of an award of attorneys' fees to Appellee in the District Court Case was a final order.

Appellee was not the prevailing party in the District Court Case. "A prevailing party is one who is vindicated by the trial court's judgment." *Oraco,* 170 S.W.3d at 134. Far from vindicating Appellee, the District Court Judgment denied Appellee's claim. The appellate court affirmed that denial. All Appellee succeeded in doing in the District Court Case was protracting the litigation by not raising the jurisdictional claim until the Amarillo Appeal. "A defendant may persuade the court that the plaintiff has sued too soon, *or in the wrong court*, or failed to jump through a procedural hoop. Then the dispute will continue later, or elsewhere, and it remains

to be seen who will prevail. Such a victory is like persuading a judge to deny summary judgment, a step that transfers decision to a jury but *does not end the litigation in the defendant's favor and therefore does not make it a prevailing party."* *Citizens for a Better Environment v. The Steel Co.,* 230 F.3D 923, 929-930 (7th Cir. 2000)(*emphasis added*)  The appellate court in the Amarillo Appeal did not find that Appellant Edom Corner had no right to sue Appellee under the Lease, but rather that it filed in the wrong court.  Because the decision in the Amarillo Appeal did not foreclose another suit by Appellant Edom Corner against Appellee, Appellee was not the prevailing party.  *See Grynberg v. Praxair, Inc.,* 389 F.3d 1038, 1057 (10th Cir. 2004) (Party is prevailing party in litigation if the party can "point to a resolution of the dispute which [materially] changes the legal relationship between itself" and the other party.)  Appellee "was not the prevailing party because the court dismissed [Edom Corner's] claims for lack of subject matter jurisdiction, rather than on the merits." *Id.* at 1058, footnote 21.

## The Park Cities and Ben Wheeler Garnishments

Appellee claimed that it was entitled to recover attorney's fees for the Park Cities and Ben Wheeler Garnishment actions.  Appellee is incorrect.   Appellant Edom Corner filed those actions because Appellee had failed to post a supersedeas bond to supersede and appeal the Judgment.  The filing of the Park Cities and Ben Wheeler Garnishment actions in effect *forced* Appellee to post a supersedeas bond,

20

which it finally did on October 30, 2006 – four days *after* the issuance of the writs of garnishment in the Park Cities and Ben Wheeler Garnishment actions. (CR Vol. 2, # 287 - 302) Because Appellant Edom Corner was successful in getting Appellee to post a supersedeas bond, Appellant Edom Corner was the prevailing party in those actions.

## *The Second and Third Breach Suits*

The Second Breach Suit was filed by Appellant Edom Corner against Appellee for post-Judgment breaches of the Lease by Appellee. This suit was filed in the justice court. Appellee did not challenge the jurisdiction of the justice court to hear the suit, but rather only asserted that the suit was identical to matters in the District Court case and the suit should be abated. Appellee did not claim attorney's fees in the Second Breach Suit. The suit was abated; however, the order did not award attorney's fees to Appellee. (CR Vol. 2, #303) Appellant Edom Corner subsequently appealed the abatement and dismissal in Cause No. CV04217 in the County Court at Law of Van Zandt County, Texas. Appellee filed a motion to dismiss the appeal and did not seek attorney's fees. (CR Vol. 2, #305) The appeal was transferred to the Trial Court under cause No. 07-00187. Appellee did not counterclaim for attorney's fees. Appellant Edom Corner non-suited the appeal. (CR Vol. 2, #309) "Upon non-suit, [Appellee] was in the same position [it] would be in" if Appellant Edom Corner had never appealed the Second Breach Suit. *Twin City*

*Fire Ins. Co. v. Vega-Garcia,* 223 S.W.3d 762, 768 (Tex. App. – Dallas 2007, pet den). In other words, Appellee was back in the position of having an order abating the Second Breach Suit. The order did not award attorney's fees to Appellee. The nonsuit of the appeal by Edom Corner did not transform Appellee into a prevailing party entitled to its attorney's fees, but only affirmed the order dismissing the suit. Appellee could have appealed the failure of the justice court to award Appellee attorney fees in the Second Breach Suit, but Appellee declined to appeal such failure. Therefore, any claim for attorney's fees relating to the Second Breach Suit is barred by res judicata. The Trial Court erred in holding Appellee prevailed in the Second Breach Suit.

In the Third Breach Suit, Appellee received a favorable ruling; however, the justice court's order specifically denied Appellee's claims for attorney fees. (CR Vol. 2, #322) Appellant Edom Corner appealed that order, but subsequently non-suited its appeal. The non-suit had the effect of rendering the order a final order. *See Twin City Fire Ins.,* 223 S.W.3d at 768. Appellee did not appeal the order and therefore the order is a final judgment. Because Appellee sought its attorney's fees in the Third Breach Suit and such claim was denied, Appellee was also barred by res judicata from relitigating the attorney fee aspects of the Third Breach Suit.

## Appellee Lost the Temporary Injunction Action

Appellee claimed it prevailed in the Temporary Injunction Action and

22

therefore was entitled to its attorney's fees in this suit. Appellee is wrong. The Temporary Injunction Action was brought by Appellee against Appellant Edom Corner seeking to enjoin Appellant Edom Corner from evicting Appellee. Appellee also sought attorney's fees for filing the action. (CR Vol. 2, #310) The case was heard by the Trial Court as Cause No. 07-00341. On May 8, 2007, the Trial Court entered its Order Denying Plaintiff's Request for Temporary Injunction. (CR Vol. 2, #317). The Trial Court specifically ruled that Appellee's "application for a temporary injunction is in all things **DENIED**." Because Appellee's request for relief was denied, it was not the "prevailing party." Additionally, any claim for attorney's fees relating to the Temporary Injunction Action is barred by res judicata because it was specifically sought in the Temporary Injunction Action and was denied. The Trial Court erred in finding Appellee prevailed in the Temporary Injunction Action.

*The Disqualification Mandamus*

Appellee also sought to recover attorney's fees for its actions in the Disqualification Mandamus. However, that suit was not related to any claim under the Lease, but was an independent action seeking to determine if Edom Corner's prior attorney was subsequently barred from representing Appellee. It did not address the merits of the District Court Case. Additionally, Appellee did not seek, and was not awarded, attorney's fees in that action. (CR Vol. 2, #304) Appellee

23

was therefore not the prevailing party in the Disqualification Mandamus. The Trial Court erred in finding otherwise.

Appellee was not the "prevailing party" in any of the suits that make up the Litigation. The Trial Court erred in finding that it was and the judgment of the Trial Court should be reversed and judgment rendered in favor of Appellants.

> ISSUE TWO: THE TRIAL COURT ERRED IN FINDING NEITHER RES JUDICATA NOR COLLATERAL ESTOPPEL BARRED APPELLEE'S SUIT

Appellants raised the affirmative defenses of res judicata and collateral estoppel to Appellee's claims. (CR Vol. 1, #24) Appellant was required to prove the defense of res judicata. Appellee asserted a claim for attorney's fees arising out of the Litigation for breach of the Lease. (CR Vol. 1, #114; CR Vol. 1, #206; CR Vol. 1, #206). However, the law does not recognize Appellee's cause of action for attorney's fees in a suit separate and apart from the prior litigation on the Lease. *See Fidelity Mutual Life Ins. Co. v. Kaminsky*, 820 S.W.2d 878 (Tex. App. – Texarkana 1992, writ denied) (Holding that tenant's suit for attorney fees from breach of lease was a compulsory counterclaim that should have been brought in the original breach of lease litigation and was thus barred by res judicata.) *See also Igal v. Brightstar Information Technology Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) ("[A] party may not pursue a claim determined by a court of competent jurisdiction in a prior suit as a ground of recovery in a later suit against the same parties.") In summary,

24

the law requires a claimant to raise its claim for attorney fees in the initial litigation and have it adjudicated therein so that the court may address all of the relevant issues at once and not be saddled with duplicative litigation. In its Motion for Summary Judgment (CR Vol. 2, #259-424) Appellants presented certified copies of all the judgments in the Litigation. In each and every judgment, the presiding court either denied the Appellee's request for attorney's fees, or the Appellee failed to request attorney's fees in their claims. Appellee did not challenge that the copies of judgments were inaccurate or inauthentic; Appellee merely asserted its own "spin" on the meaning and effect of those judgments. (CR Vol. 4, #805) The Trial Court erred in ruling that Appellee's claims were not barred by res judicata or collateral estoppel.

In the Trial Court, Appellee cited numerous cases in support of its contention that because the Trial Court lacked jurisdiction in the District Court Case as to Appellant Edom Corner's forcible entry and detainer claims, it is not barred by res judicata from seeking them in this suit. Appellee deliberately ignored that its claim for attorney's fees in the District Court Case was a claim under the Declaratory Judgments Act and therefore (i) was subject to the jurisdiction of the Trial Court; (ii) was denied by the Trial Court in the District Court Judgment; (iii) the denial was *affirmed* by the appellate court in the Amarillo Appeal; and (iv) Appellee never challenged the judgment of the court of appeals in the Amarillo Appeal. Appellee's

counterclaim in the District Court Case for a declaratory judgment is **identical** to the claim it now asserted in this suit. Because Appellee's claim was denied by the Trial Court in the District Court case and such denial was affirmed by the appellate court in the Amarillo Appeal, Appellee is barred by res judicata from making the same claim in this suit. *See Igal v. Brightstar Information Technology Group, Inc.,* 250 S.W.3d 78, 86 (Tex. 2008) ("[A] party may not pursue a claim determined by a court of competent jurisdiction in a prior suit as a ground of recovery in a later suit against the same parties.")

The Trial Court erred in failing to hold that Appellee's claims against Appellants were barred by res judicata. This Court should reverse and render judgment in favor of Appellants.

ISSUE THREE: THE TRIAL COURT ERRED IN FINDING
BERRY INDIVIDUALLY LIABLE IN APPELLE'S SUIT

After engaging in all of the protracted litigation noted above, Appellee decided to seek recovery against Appellant Berry individually for the actions of Edom Corner. Appellee's claims against Appellant Berry were also barred by res judicata. The basis for the claims was that Appellant Berry, as a "member" of Edom Corner, is personally liable under the terms of the Lease. However, this claim is predicated on the argument that Appellee is entitled to recover its attorney's fees in the first place. Because the claim for attorney's fees is without merit as discussed *infra*, the same analysis applies to the claim against Appellant Berry. The Trial

26

Court erred in deciding otherwise.

Any claim against Appellant Berry under Lease necessarily arises from the same nexus of facts as the claim against Appellant Edom Corner. That claim was therefore a compulsory counterclaim which Appellees should have raised in the any of the cases making up the Litigation. Because it could have raised the claim, and did not, Appellee's claims against Appellant Berry is now barred by res judicata. *See Musgrave v. Owen*, 67 S.W.3d 513, 519 (Tex. Civ. App. – Texarkana 2002) (The "main concern" for res judicata analysis is "whether the cases share the same nucleus of operative facts.") The Trial Court erred in ruling the claims against Berry were not barred by res judicata and/or collateral estoppel, and this Court should reverse and render judgment in favor of Appellant Berry.

## *Berry Was Not a Party to the Lease*

Appellee argued to the Trial Court that Appellant Berry assumed individual liability for the actions of Edom Corner in enforcing the Lease. Appellee's argument was premised on a strained reading of the definition of Landlord, which provided that "Landlord means Landlord and its agents, employees, invitees, licensees or visitors." (CR Vol. 3, #568) Contrary to Appellee's assertions, this definition did not make Berry individually responsible for the actions of Edom Corner. Rather, the provision served to make Edom Corner liable for the actions of any of its members, agents, etc., who violated the Lease. Appellee cannot, and did not, show

27

any pattern or course of dealing by Berry, other than signing the Lease as a member of Edom Corner, to establish that Berry assumed liability for the debts of Edom Corner. *See Mediacomp, Inc. v. Capital Cities Communication*, 698 S.W.2d 207 (Tex. App. – Houston [1st Dist.] 1985, no pet) (Finding that actions of agent such as guaranteeing payment of the account constituted implied assumption of liability by the agent).

The definition of Landlord under the Lease does not establish Appellant Berry's individual liability. The definition of Landlord in the Lease is identical to that of Tenant, which reads "Tenant means Tenant and its agents, employees, invitees, licensees or visitors." "In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." *Healthcare Cable Systems, Inc. v. The Good Shepherd Hospital, Inc.*, 180 S.W.2d 787, 790 (Tex. App. – Tyler 2005, no pet) No single provision taken alone is to be given controlling effect; the contract must be construed as a whole. *Hackberry Creek Country Club, Inc. v. Hackberry Creek Homeowners Assoc.*, 205 S.W.3d 46, 56 (Tex. App. – Dallas 2006, pet den) By interpreting the Lease as urged by Appellee, the Trial Court decision leads to the clearly absurd and unintended result that agents, employees, invitees or visitors of the Tenant have equal standing with the Tenant to sue the Landlord, that those same, agents, employees, invitees, licensees and visitors are personally liable to Appellant Edom

Corner for any breach of the Lease by Appellee, and makes agents, employees, invitees, licensees or visitors of Landlord personally liable under the Lease. "[C]ourts construe contracts from a utilitarian standpoint bearing in mind the particular business activity sought to be served, and *will avoid* when possible and proper *a construction which is unreasonable, inequitable, and oppressive.*" *Id.* (emphasis added) Appellee failed to show any grounds under which a proper construction of the Lease would lead to the results noted above. Appellee's tortured reading (and the Trial Court's adoption of such) leads to the nonsensical conclusion that each and every one of Appellant Edom Corner's and Appellee's agents, employees, invitees, licensees or visitors would have been necessary parties to the District Court Case, the Amarillo Appeal, the Disqualification Mandamus, the Second Breach Suit, the Temporary Injunction Action and the Third Breach Suit. Such a reading of the Lease is absurd.

In addition to the fact that the plain language of the Lease supports Appellants, the Texas Business Organizations Code supports Appellant Berry's position. Section 101.113 provides:

> A member of a limited liability company may be named as a party in an action by or against the limited liability company *only if* the action is brought to enforce the member's right against or liability to the company.

TEX. BUS. ORG. CODE SEC. 101.113

29

(Vernon's 2006) (emphasis added)

Section 101.114 provides:

> Except as and to the extent the *company agreement specifically provides otherwise*, **a member or manager is not liable** for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court.

> Tᴇx. Bᴜs. Oʀɢ. Cᴏᴅᴇ Sᴇᴄ. 101,114 (Vernon's 2006) (emphasis added)

Appellee wholly failed to provide any evidence to prove that in the formation of Edom Corner, the regulations of Edom Corner provided for the members to have any individual liability for the debts of Edom Corner. *See also Carbon El Norteno, LLV v. Sanchez*, 2008 WL 3971554 (Tex. App. – Corpus Christi 2008, no pet) (Finding defendants individually liable on contract because at the time they executed the contract, they were no longer members of limited liability corporation.) In fact, all of the summary judgment evidence proffered by Appellee did nothing more than affirm that the limited liability company known as Edom Corner, LLC was properly formed and in existence at the time of the execution of the Lease. Thus, Appellant Berry is not individually liable for signing the Lease on behalf of Edom Corner as a member. The Trial Court erred in so finding. This Court should reverse the ruling of the Trial Court and order that Appellees take nothing against Appellant Berry.

30

ISSUE FOUR:   THE TRIAL COURT ERRED IN AWARDING ATTORNEY'S FEES ON SUMMARY JUDGMENT TO APPELLEE

Appellee filed its claim under the Declaratory Judgment Act.  Appellee sought in the instant litigation to have the Trial Court provide judicial interpretation of earlier judgments in the Litigation.  Declaratory judgment is not available for Appellee's action.  *Samedan Oil Corp. v. Louis Dreyfus Nat. Gas Corp.*, 52 S.W. 3d 788, 792 (Tex. App. – Eastland 2001, pet. denied); *Martin v. Dosohs I, Ltd., Inc.*, 2 S.W.3d 350, 353 (Tex. App. – San Antonio 1999, pet. denied).  Because Appellee's claim for attorney fees in this action is premised solely upon the Texas Uniform Declaratory Judgments Act (TEX. CIV. PRAC. & REM. CODE SEC. 37.009) and this action is not an appropriate action under the Uniform Declaratory Judgments Act, the Trial Court erred in awarding attorneys to Appellee.  This Court should reverse the Trial Court and render a take nothing judgment.

Assuming *arguendo* that this Court determines that Appellee's action was properly brought pursuant to the Texas Uniform Declaratory Judgments Act, the Trial Court still erred in awarding attorney's fees to Appellee.   Appellee's Third Motion for Summary Judgment (CR Vol. 8, #1435-1455) (the "Third Motion") did not contain any affidavits or other evidence as to the reasonableness and necessity of the attorney's fees sought.  Appellee had attached affidavits to prior motions for summary judgment filed in the case, but wholly failed to attach any summary judgment proof to the Third Motion.  Appellee merely referred the Trial Court to

31

prior pleadings and asked the court to take judicial notice of its file. (RR Vol. 6) Reference to prior pleadings and affidavits previously filed but not attached to the motion for summary judgment is not proper summary evidence. "Documents which had been attached to an original motion for summary judgment, but none of which were attached to an amended motion were not entitled to consideration in ruling on the amended motion. *Gillam v. Sullivan,* 352 S.W.2d 507 (Tex. Civ. App. - Fort Worth 1961, writ ref'd n.r.e.). The prior motion was supplanted in all regards, no longer to be considered as part of the record of the cause. TEX. R. CIV. P. 65." *Armstrong v. Rice*, 556 S.W.2d 620, 622 (Tex. App. – Texarkana 1977, reh'g denied) *See Sugarland Bus. Ctr., Ltd. v. Norman*, 624 S.W.2d 639, 642 (Tex. App. – Houston [14th Dist.] 1981, no writ) (Affidavit attached to pleadings but not to motion for summary judgment was not competent summary judgment proof). Because Appellee wholly failed to produce competent summary judgment proof, the Trial Court erred in granting the summary judgment. This Court should reverse the Trial Court's ruling.

In the alternative, even should this Court find that Appellee proffered proper summary judgment evidence, Appellee was not entitled to summary judgment because Appellants presented a genuine issue of material fact in their response and affidavit attached thereto. (CR Vol. 8, #1464; CR Vol. 9, #1481-1487) Summary judgment is a "harsh remedy" and "trial courts must deny a motion for summary

judgment unless the movant clearly established a right thereto as a *matter of law*." *Engel v. Pettit*, 713 S.W.2d 770, 773 (Tex. App. - Houston [14th Dist.] 1986)(emphasis added). "The reasonableness of an attorney's fee award generally presents a question of fact." *CSFB 1998-PI Buffalo Speedway Office, LTD. Partnership v. Amtech Elevator Services,* 2007 WL 3294287 (Tex. App. – Houston [1st Dist.] Aug. 19, 2010). *See also Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) (Reasonableness of attorney's fees is left to the fact finder). To create a fact issue, the non-movant must file an affidavit contesting the reasonableness of the movant's attorney fee affidavit. *Estate of Tyner*, 292 S.W3d 179, 184 (Tex. App. – Tyler 2009).

Appellants attached to their response to the Third Motion the Affidavit of Martin R. Bennett and exhibits (the "Bennett Affidavit") (CR Vol. 10, #1481-1610). The Bennett Affidavit directly controverted the statements in prior affidavits submitted by Appellee as to the reasonableness and necessity of the attorney's fees. Therefore, the Bennett Affidavit raised a fact issue which precluded the granting of summary judgment. *See Engle*, 713 S.W.2d at 773. Because Appellants raised a genuine issue of material fact, the Trial Court erred in granting the summary judgment in favor of Appellee. This Court should reverse the Trial Court and render a take nothing judgment in favor of Appellants.

Finally, Appellee is not legally entitled to recover attorney's fees because of the provisions of Section 38 of the TEX. CIV. PRAC. & REM. CODE. Section 38.001(8) provides:

> A person may recover reasonable attorney's fees from an individual or corporation, *in addition to the amount of a valid claim and costs*, if the claim is for: (8) an oral or written contract.
>
> TEX. CIV. PRAC. & REM. CODE SEC. 38.001(8) (2015) (emphasis added)

"To recover attorney's fees under this statute, a party must first prevail on the underlying claim *and* recover damages." *In re Nalle Plastics Family Ltd. Partnership*, 406 S.W.3d 168, 173 (Tex. 2013) "The second requirement is implied from the statute's language; for a fee recovery to be 'in *addition* to the amount of a valid claim,' the claimant must recover some amount on that claim." *MBM Financial v. Woodlands Operating Corp.,* 292 S.W.3d 660, 666 (Tex. 2013) "Because [Appellee] failed to recover damages . . . [Appellee] was not entitled to recover attorney's fees under Section 38.001." *Green International, Inc. v. Solis*, 951, S.W.2d 384, 390 (Tex. 1997) *See also State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995) (Prevailing party could not recover attorney's fees "because she has recovered no damages.") *See also Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004) ("While Mustang did have a valid

34

claim against Driver, it was not entitled to recover attorney's fees because it was not awarded damages on its . . . contract claim.")

Appellee failed to recover any damages against either Appellant Edom Corner or Appellant Berry in any of the Litigation. Nor does Appellee claim to have recovered any damages. The only 'damages' sought by Appellee in this suit are the attorney's fees incurred in the Litigation. These are not damages as construed in TEX. CIV. PRAC. & REM. CODE SEc. 38.001. *Nalle,* 406 S.W.3d at 173. The Trial Court erred in granting summary judgment for Appellee for its attorney's fees. This Court should reverse and render a take nothing judgment in favor of Appellants.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellants pray that this Court reverse the judgment of the Trial Court and render judgment of in favor of Appellants or, alternatively, remand the cause to the Trial Court for further proceedings.

Respectfully submitted,

RENSHAW, DAVIS & FERGUSON, LLP

By:       /s/ Katherine A. Ferguson
          Katherine A. Ferguson
          (SBN 06918050)

2900 Lee Street, Suite 102
P.O. Box 21

Greenville, Texas 75403-0021
Telephone: (903) 454-6050
Facsimile: (903) 454-4898
Email: rdflawoffice@yahoo.com

Richard L. Ray, Esq.
RAY & THATCHER, P.C.
300 S. Trade Days Blvd.
Canton, Texas 75103
Telephone: (903) 567-2051
Facsimile: (903) 567-0998

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellants' Brief was served on May 4, 2015 on the parties below by first class United States mail.

/s/Katherine A. Ferguson`
Katherine A. Ferguson

Larry M. Lesh
Law offices of Larry M. Lesh
1 Forest Park Drive
Richardson, Texas 75080

R. Paul Elliot
301 S. Main
Canton, Texas 75103

## CERTIFICATE OF COMPLIANCE

I certify this document was produced on a computer using Microsoft Word 2013 and contains 6,569 words, as determined by the computer software's word count function, excluding sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

/s/Katherine A. Ferguson
Katherine A. Ferguson